## WALTER v. GODSHALL.

Where the complaint sets out in its caption the names of the plaintiffs as copartners, and in the body of the complaint it is alleged that "said plaintiffs" were and still are partners, giving the firm name, but not repeating the names of the individual members, the copartnership is sufficiently alleged.

Before HUDSON, J., Fairfield, September, 1888.

These were two actions, stated in the caption of the complaints as "George H. Walter and William J. McCormick, as copartners in trade, doing business under the firm name of George H. Walter & Co., plaintiffs, against S. C. Godshall, defendant." The opinion states the case.

*Mr. O. W. Buchanan*, for appellant.

*Mr. J. E. McDonald*, contra.

February 28, 1890. The opinion of the court was delivered by MR. CHIEF JUSTICE SIMPSON. The plaintiffs, appellants,

brought two separate actions against the defendant for certain indebtedness alleged to be due them by said defendant. The title or caption of these actions was as above, but the names of the individual members of the firm were not stated in the body of the complaint. Instead of this, it was simply stated therein "that at the time hereinafter mentioned, the plaintiffs were, and still are, copartners in trade, doing business under the firm name of Geo. H. Walter & Co.," which was followed by an allegation of indebtedness by the defendant to the plaintiffs, &c.

To this complaint the defendant demurred on the ground, "that there was no allegation therein as to the composition of the alleged copartnership of the plaintiffs, nor was there alleged in the body of the complaint the names of the alleged copartnership, nor was there other sufficient allegation of the copartnership existence, nor does the complaint show that the suit was for a debt due to any individual member of any pretended firm, nor other sufficient character of the capacity to sue."

The demurrer was overruled. Hence the appeal, which brings up the question, whether in a suit by copartners against a party indebted to the firm, after the names of the individual members of the firm have been stated in the title or caption of the complaint, it is necessary to repeat their names in the body of the complaint as composing the said firm, or whether reference to them as plaintiffs is sufficient. Upon this question we need only repeat here what this court said in *Bischoff & Co.* v. *Blease* (20 S. C., 462), as follows: "The Code requires that the names of the plaintiffs shall be set out in the title of an action; and when this is done, it is familiar law and practice, that such names should not be repeated in the body of the complaint, because having once given the names and styled themselves plaintiffs, all that is necessary afterwards is simply to refer to themselves as 'plaintiffs,' " citing 2 Wait Prac., 370. Now, here the names of the plaintiffs were set out fully in the title, and they were referred to in the body of the complaint as plaintiffs, in accordance with the familiar practice referred to above. The complaint, therefore, was not obnoxious to the demurrer on this ground.

In the case of *Bischoff & Co.* v. *Blease, supra,* where the demurrer was sustained, the foundation thereof was very different.

There the point was whether it was necessary to allege in the body of the complaint the existence of the copartnership, and it was held that it was; and although in the title it was stated that the parties named therein composed the firm, yet the existence of the firm was a necessary fact to be proved, and consequently had to be alleged in the complaint, and because it was not thus alleged, the demurrer was sustained. In the case below there was an allegation in the complaint of the existence of the firm, and that it was composed of the plaintiffs, thus embracing the two necessary allegations to a recovery, to wit, that a copartnership existed, and that the plaintiffs—those named in the title—were the members thereof, the word "plaintiffs" representing and standing in the place of the individual names mentioned in the title; and the allegation, that they were, and still are, copartners in trade, doing business under the firm name of George H. Walter & Co., being a sufficient allegation in our opinion that such a copartnership existed. See the case of *Harle* v. *Morgan*, 29 S. C., 258.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.