BAKER v. HORNICK & CO.

1. APPEAL.—An order not appealed from cannot be reviewed upon notice
   to sustain in an appeal from another order in the case. *Following
   Woodward* v. *Williamson*, 39 S. C., 333.
2. PLEADINGS—AMENDMENT—PARTNERSHIP.—In an action against a
   copartnership for malicious prosecution, it is proper to permit the
   complaint to be amended so as to charge the persons composing the
   firm as individuals.

Before WITHERSPOON, J., Charleston, March, 1897. Af-
firmed.

Action by Henry Baker against M. Hornick & Co. From
an order sustaining demurrer and allowing plaintiff to
amend, defendant appeals.

*Messrs. Mordecai & Gadsden,* for appellant, cite: *On*

*main question:* Code, 194; 21 S. C., 226; 29 S. C., 520; 18 S. C., 153; 66 Ga., 240; 25 Hun., 475; 89 N. Y., 22; 24 Conn., 9; 5 S. C., 288; Code, 196; 16 Abb., 249; 58 Vt., 588; 77 Mich., 325; 40 S. C., 45; 18 N. Y. Supp., 215; 39 N. Y., 361; 13 S. R., 297; Fed. Cases, 5673 and 13466; 57 Ill., 296. *Order appealable:* 32 S. C., 142; 35 S. C., 572; 39 S. C., 216; 27 S. C., 92.

*Messrs. Huger Sinkler* and *J. N. Nathans,* contra, cite: *Order not appealable:* 45 S. C., 388. *On main question:* 10 S. W. R., 746; 26 S. C., 422; 18 S. C., 315; 3 S. C., 606; 13 S. C., 20; 9 S. C., 334; 42 Ill., 143; 13 Wall., 546; 21 How., 202; 133 Mass., 431; 3 S. R., 800; 42 N. W., 1075.

Feb. 17, 1898. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. In this case, the plaintiffs brought an action for malicious prosecution against the defendants, charging them as copartners. At the hearing, defendants interposed an oral demurrer, upon the ground that the facts stated in the complaint were not sufficient to constitute a cause of action against the defendants, as *co-partners.* His Honor, Judge Witherspoon, sustained the demurrer, and thereupon, as stated in the "Case," "plain-tiff's counsel asked leave to amend the complaint." The motion to amend was granted in an order, which is set out in the "Case," wherein the specific amendments allowed are stated. From this order, for leave to amend, the defend-ants appeal upon the grounds set out in the record, which are, substantially, that the Circuit Judge had no power to allow an amendment, whereby the action against the de-fendants, as *copartners,* could be converted into an action against the defendants, *as individuals.* Plaintiff's counsel also gave notice that the plaintiff, "on the hearing of this appeal, will ask the Supreme Court to sustain the order of Judge Witherspoon, dated the 18th of March, 1897, ap-pealed from upon the following grounds: 'That his Honor erred in granting so much of the order of March the 18th,

1897, sustaining the demurrer interposed by defendants as held that the complaint did not state a cause of action;' whereas he should have held that a good and sufficient cause of action was therein stated.". The "Case," however, shows that two separate and distinct orders, both dated 18th of March, 1897, were granted—one sustaining the demurrer, and the other granting leave to amend the complaint in the particulars therein stated.

Under this state of the record it seems to us that the only question which we are at liberty to consider is, whether there was any error in the order granting leave to amend, for that is the only order from which any appeal has been taken.. The fact that plaintiff has given notice that on the hearing of the only appeal which is before us, he will ask this Court to sustain the order appealed from, upon the ground that the Circuit Judge erred in granting the order sustaining the demurrer, from which no notice of appeal was given, will not entitle the plaintiff now to raise the question whether there was error in sustaining the demurrer. When the demurrer was sustained, and the plaintiff asked and obtained leave to amend, so as to free his complaint from the objections interposed by the demurrer, he thereby precluded himself from questioning the correctness of the order sustaining the demurrer, from which he gave no notice of appeal within the time prescribed by law; for even if the notice hereinabove copied could be regarded as a notice of appeal, which is more than doubtful, that notice was not given until the 9th of April, 1897, or afterwards, as it bears that date, and this does not appear to have been within the time prescribed. Indeed, it seems to us that the question which the plaintiff desires to present by that notice cannot now, in any view of the case, be raised. For if the complaint is not amended, then it stands dismissed under the order sustaining the demurrer; if, on the other hand, the complaint is amended as allowed, then it is a different complaint from that originally filed, and it would be wholly immaterial now to inquire whether the

original complaint was open to demurrer.   These views are supported by the case of *Woodward* v. *Williamson*, 39 S. C., 333, where it was held that an order not appealed from can not be considered on an appeal from another order in the same case.

Coming, then, to the only question which we are at liberty to consider under this appeal, we have no doubt that the Circuit Judge was invested with discretion to grant the order appealed from, and nothing appears to indicate that there was any abuse of such discretion.   In the case of *Jennings* v. *Springs*, Bail. Eq., *181, it was held that it was within the discretion of the Court to permit a bill to be amended by substituting the name of a new for the original complainant, even after answer filed.   In that case the bill was filed by the plaintiff, as agent of the executors of one Pressley, and the amendment allowed was to substitute the names of such executors as complainants instead of the name of the original plaintiff.   That case was distinctly recognized by Dunkin, Ch., in his circuit decree in the case of *Lancaster* v. *Seay*, 6 Rich. Eq., at page 113, though in that case the discretion was not exercised.   The case of *Jennings* v. *Springs* has also not only been recognized, but followed in the case of *Coleman* v. *Heller*, 13 S. C., 491. It is true that in the case of *Strickland* v. *Bridges*, 21 S. C., at page 26–7, the writer of this opinion, overlooking the case of *Coleman* v. *Heller*, *supra*, did say, "we have not been able to find any case in which *Jennings* v. *Springs* has been recognized and followed" (which oversight has been noticed in the note of the Reporter), and did intimate a doubt as to whether *Jennings* v. *Springs* could now be regarded as authority, yet the case was not overruled.   But the present case is much stronger.   Here the only change made by the amendment was to charge the same persons in a different capacity from that in which they were originally charged, viz: as individuals instead of as copartners.   If judgment had been recovered under the original complaint, it would have bound, not only the partnership assets, but

also the individual property of the partners; and if judgment shall be recovered under the amended complaint, practically the same result will follow, except that the partnership assets will not be bound until the partnership debts have been paid. So that while it is true that a partnership is a distinct entity, different from that of the persons composing such partnership, yet, for some purposes, they are substantially the same. We are of opinion, therefore, that there was no error in granting the order for leave to amend.

The judgment of this Court is that the judgment or order appealed from be affirmed.