### PIERCE v. VARN, BYRD & CO.

1. PARTNERSHIP.—SERVICE OF MAGISTRATE SUMMONS against a partnership on one member of a partnership and judgment against the partnership binds the partnership property and that of the individual served.

2. AMENDING MAGISTRATE SUMMONS.—In suit in Magistrate Court against a corporation, Magistrate may permit summons amended by changing corporation name to co-partnership name to conform to proof, the proof, among other things, being a letter written by defendant partnership to plaintiff about the claim in question brought out by defendant.

3. JUDGMENT.—Order reversing Magistrate judgment "without prejudice to plaintiff to take such further action as he may be advised," does not adjudicate merits of plaintiff's claim, and case remanded to Circuit Court to pass on exceptions to Magistrate judgment affecting the merits.

Before DANTZLER, J., Colleton, April, 1906.   Reversed.

Action by S. G. Price against Varn, Byrd & Co., in court of Magistrate J. E. Bryan.   From circuit order reversing magistrate, plaintiff appeals.

*Mr. J. S. Griffin,* for appellant, cites: *Service on one member of a partnership binds partnership:* Code of Proc., 157; 22 S. C., 304; 30 S. C., 117; 50 S. C., 491; 55 S. C., 528.

*Messrs. Howell* and *Gruber,* contra, oral argument.

March 22, 1907.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.    This action on account for forty-three dollars and sixty cents was brought against G. C. Varn, Byrd & Co., as a corporation.    The summons was served on C. O. Elliott, a copartner in a firm doing business under the name of Varn, Byrd & Co.    On the call of the case in the magistrate's court, Varn, Byrd & Co. appeared by counsel and put in an answer in which they said they waived no legal rights and appeared only for the purpose of alleging that there was no partnership or corporation of the name mentioned in the complaint; and that if the intention was to sue a partnership, the names of the partners were not given.    The plaintiff then moved to strike out the initials in the name of the defendant as written in the summons.    This motion was granted over the objection of the defendant.    A motion to strike out the answer as frivolous and intended only for delay was refused.    Evidence was then taken on the merits of the claim, the defendant's counsel participating by cross-examination.    The plaintiff, on demand of the defendant's counsel, produced a letter from Varn, Byrd & Co., inclosing a check, in which, after referring to differences between themselves and the plaintiff as to the account, they continue: "Now to settle the matter, we inclose you a check for $408.15.    Have deducted shortage $43.60.    You can either accept same as payment in full, otherwise return at once and you can use your own discretion as to way you wish to collect and you will find when we will be ready to meet you at every claim we make.    So, awaiting return of check or receipt in full."    The check was written for "four hundred eight and 15-100 dollars for account in full."    This check was collected by the plaintiff, not, as he says, in full of his demands against the defendants, but because he was much in need of funds.    According to the evidence, Varn, Byrd & Co. was a copartnership composed of G. C. Varn, S. L. Byrd, and C. O. Elliott; and the plaintiff, over objection of defendants' counsel, was allowed to amend the summons to conform to this proof.    The

magistrate gave judgment against the firm of Varn, Byrd & Co., and C. O. Elliott individually.

The appeal from this judgment to the Circuit Court was . on behalf of C. O. Elliott alone, as we understand. The other defendants not having been served, were treated as not before the Court. Errors were alleged (1), in allowing the amendments above mentioned; (2), in rendering judgment against the partnership when only one of the copartners had been served; (3), in not holding the defendants discharged by the collection of a check sent on the express condition that it was to be accepted as full payment. The Circuit Court, by a formal order, reversed the judgment of the magistrate "without prejudice to plaintiff to take such further action as he may be advised." From this concluding language of the order it is clear the Court did not intend to reverse the judgment on the merits of plaintiff's claim, but to leave the merits for future adjudication. Necessarily, therefore, the judgment of the Circuit Court must stand or fall on one of the points of practice involved in the appeal from the magistrate's judgment.

Plaintiff's appeal to this Court is taken on the theory that the Circuit Court in reversing the magistrate's judgment intended to hold, the service of one member of a co-partnership does not give the Court jurisdiction to render judgment against all of the defendants jointly indebted, to be enforced against the joint property of all, and the separate property of the defendant served. If this was the Court's holding, it was in contravention of section 157, of Code of Procedure, and as was conceded in the argument, it cannot stand.

There was as little ground for the reversal of the magistrate's judgment because of the amendments, for they were clearly within his discretion. *Bull* v. *Lambson,* 5 S. C., 288; *Baker* v. *Hornick,* 51 S. C., 313, 28 S. E., 941. The judgment of the Circuit Court, therefore, could not stand on either of the two grounds to which it must be referred.

It follows, however, from what we have said, that the defendants' exceptions to the magistrate's judgment, charging error in not holding the claim against defendants had been discharged by the acceptance of a check sent in full payment, has never been passed upon or considered by the Circuit Court. The defendant is entitled to an adjudication by that Court on this question, made by his appeal from the magistrate.

The judgment of this Court is that the Circuit Court be reversed as to the questions thereby decided and the case remanded to that Court for consideration of the fifth and sixth grounds of appeal from the magistrate's court.