6944

COUSAR v. HEATH, WITHERSPOON & CO.

1. PARTIES.—One making a contract in his own name for the benefit of himself and another may sue thereon in his individual capacity.

2. AMENDING PLEADINGS—DISCRETION.—Amending a complaint by making another party plaintiff who was interested in the contract, is not prejudicial to the rights of defendant, and amending order is within discretion of trial Judge.

    Lilly v. R. R., 32 S. C., 142, distinguished from this, and the doctrine therein announced should not be extended.

3. IBID.—LIMITATION OF ACTIONS.—Amending a complaint does not confer on defendant the right to plead the statute of limitations, which did not exist when action was brought.

4. FUTURES.—Under statute against contracts in futures, action may be brought for money paid to cover losses which *might be sustained.*
5. PARTIES—DEMURRER—ANSWER.—Objection that parties defendant are not jointly liable on the cause of action stated in the complaint should be made by demurrer if apparent on face of the complaint, otherwise by answer.

Before PRINCE, J., Chester, November, 1906.    Affirmed.

Action by John G. Cousar and T. J. Cunningham against Heath, Witherspoon & Co. and Henry Samuels. From judgment for plaintiffs, defendants appeal.

*Messrs. Glenn* and *McFadden,* for appellants. *Mr. McFadden* cites: *Plaintiffs were partners:* 14 S. C., 21; 1 N. & McC., 20; *and suit should have been brought by them as such:* Code of Proc., 132; 16 Ency. P. & P., 854-856; Dicey on Parties, 169, 170, 172, 524. *Cunningham was barred by statute:* 32 S. C., 144; 35 S. C., 366; 43 S. C., 229; 67 S. C., 232. *Samuels, the agent of his codefendant, is not liable under the statute:* 53 S. C., 173; Code 1902, 2312; 50 S. C., 543.

*Mr. R. T. Caston,* contra, cites: *Cousar could sue in his own name:* Code of Proc., 134; 76 S. C., 476. *Remedy for defenctive parties is demurrer or answer, otherwise it is waived:* Pom. Rem., secs. 206, 207; 15 Ency., 747-749; 77 S. C., 463; 1 Pet., 299. *Order is within discretion of Circuit Judge:* 77 S. C., 413; 9 S. C., 334. *Party is not put to new action, but suit is on original summons:* Pom. R. & R. P., 422. *Statute covers this transaction:* 54 S. C., 385; 53 S. C., 173; *and defendant Samuels is liable jointly with his codefendant:* 53 S. C., 173; 50 S. C., 543; 54 S. C., 387.

July 8, 1908. The opinion of the Court was delivered by

Mr. Justice Gary. This action was commenced on the 7th of December, 1905, to recover a loss of $300, sustained by the plaintiff, John G. Cousar, as the result of certain transactions between him and the defendants relative to the future delivery of cotton.

The allegations of the complaint, material to the questions presented by the exceptions, are as follows:

"That on November 13, 1905, the plaintiff contracted with the said Heath, Witherspoon & Company, through their agent, Henry Samuels, and purchased one hundred bales of cotton for future delivery, to wit: January, 1906; that on November 15, 1905, the plaintiff contracted with Heath, Witherspoon & Company, by and through their agent, Henry Samuels, and sold one hundred bales of cotton for future delivery, to wit: May, 1906; that the plaintiff paid the defendants herein three hundred dollars ($300), to wit: $150 on November 13, 1905, and $150 on November 18, 1905, in cash, as margins to cover any loss that might be sustained by the plaintiff, by reason of his said contracts, for the future delivery of cotton.

"That the defendants herein have closed out plaintiff's contracts contrary to plaintiff's directions and instructions, and at a market price for such future deliveries, causing plaintiff to lose the margins paid thereon.

"That plaintiff, by reason of the said contracts for the purchase and sale of the said cotton, has paid over to the defendants herein, for and on account of his loss, sustained by reason of such contract, the sum of $300, and that he has lost and paid the same to the defendants herein; that three months have not elapsed since such payment by the plaintiff."

The defendants answered the complaint, interposing a general denial.

On the 5th of November, 1906, his Honor, the presiding Judge, granted an order allowing the defendants to amend their answer, by setting up as a defense that there was a defect of parties plaintiff, in that John G. Cousar and T. J.

Cunningham were joint contractors, and, to all intents and purposes, partners in their dealings with the defendants.

On the 7th of November, 1906, the Circuit Judge made an order permitting the plaintiff to amend his complaint by adding the name of T. J. Cunningham as a party plaintiff, with leave to the defendants to answer the amended complaint as they might be advised. The defendants answered the amended complaint, denying certain allegations thereof, but did not set up any defenses.

After the introduction of the plaintiffs' testimony, the defendants made a motion for a nonsuit, on two grounds:

(1.) That the plaintiffs did not commence their action within three months, as required by law.

(2) That the allegations of the complaint and the proof are that the $300 was paid over to the defendant Samuels on account of a loss already sustained.

The motion was refused.

The defendants did not introduce any testimony, and, as their attorneys admitted in open court that there was no question for the jury, his Honor, the presiding Judge, directed a verdict for the plaintiffs.

The first question that will be considered is, whether the Circuit Judge erred in allowing the plaintiff, John G. Cousar, to amend his complaint by adding the name of T. J. Cunningham as a party plaintiff.

The plaintiff Cousar testified as follows: "By Mr. Gaston: Q. Mr. Cousar, just state the full facts about how this transaction was had. Were the receipts and telegrams and other papers between you and Mr. Samuels in your name? A. Yes, sir. Everything was in my name. Q. The written evidence and contract was in your name? A. Yes, sir. Q. Who advanced the money? A. I did. Q. How did Mr. Cunningham reimburse you? A. Well, sir, we settled later. Q. So you were the one actively managing the contract? A. Yes, sir. Q. And the papers were all in your name? A. Yes, sir."

The plaintiff Cunningham testified as follows: "Q. Well, now, were the receipts and the evidence of it in your name at all? A. Oh, no, Mr. Cousar managed that entirely. Q. And was he the man that issued the orders and dealt with Mr. Samuels? A. Yes, sir. Q. Did you give any orders contrary to Mr. Cousar? A. I did not, and would not have done so. Q. The management of the contracts was in whose hands? A. Mr. Cousar's entirely."

Section 134 of the Code is as follows: "An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another."

The testimony shows that Cousar was a person with whom, or in whose name, a contract was made, not only for himself, but for the benefit of another. He was, therefore, a trustee of an express trust and had the right to sue without joining the other person, for whose benefit the action was prosecuted.

The result of the action would have been just the same, even if the complaint had not been amended; and the defendants have no just ground to complain that the amendment was prejudicial to their rights.

Furthermore, the amendment was within the discretion of the Circuit Judge.

Section 194 of the Code provides that the Court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading by adding or striking out the name of a party.

In the case of *Bull* v. *Lambson,* 5 S. C., 288, it was ruled that in an action against two as executors the Court may, at the close of plaintiff's case and after motion for nonsiut, on the ground that neither a partnership nor other joint liability had been shown, allow the plaintiff to amend by

striking out the name of one defendant and proceeding against the other individually.

The case of *Coleman* v. *Heller,* 13 S. C., 491, is authority for the proposition that the Court has the discretionary power to permit the name of a sole plaintiff to be struck out and another substituted in his stead.

In the case of *Baker* v. *Hornick,* 51 S. C., 213, 28 S. E., 941, it was decided that in an action against a partnership the Court had the power to permit the complaint to be amended so as to charge the persons composing the firm as individuals.

The appellants rely principally upon the case of *Lilly* v. *R. R.,* 32 S. C., 142, 10 S. E., 932. A marked difference, however, between that and the present case is, that in the Lilly case the complaint failed to state a cause of action, while no such objection could be urged in this case. The doctrine of that case is to be limited rather than extended, as it is not entirely satisfactory.

The exceptions raising this question are overruled.

The next question to be determined is, whether there was error in refusing the motion for nonsuit on the ground that the plaintiffs did not commence their action within three months, as required by law.

The appellants' attorneys do not contend that the action was not commenced by John G. Cousar on the 7th of December, 1905, and within the proper time, but that more than the statutory three months had elapsed when the complaint was amended.

One of the objects frequently in amending a complaint instead of bringing a new action is, to prevent the defense that the action was not commenced within the time required by law, and the rule is too well settled to necessitate the citation of authority to show that the amendment of the complaint did not confer upon the defendants a right which did not exist when the action was commenced.

This ground was properly overruled.

The next question that will be considered is, whether there was error in refusing the nonsuit on the ground that the allegations of the complaint and proof are that the $300 was paid over to the defendant on account of a loss that might be sustained, and not on account of a loss already sustained.

In their argument the appellants' attorneys say: "While this may seem technical and hair-splitting, we respectfully submit that it is the language of the statute."

Even if it should be conceded that the language of the complaint does not fall within the strictest letter of the statute, it nevertheless comes within its spirit, and the view for which the appellants contend would practically destroy the statute.

The last question for determination is, whether there was error in the ruling that the defendants, Heath Witherspoon & Company, and the defendant Samuels were jointly liable to the plaintiffs in this action.

If the said parties were not jointly liable, then there was a defect of parties defendant, of which advantage should have been taken by demurrer if the objection appeared upon the face of the complaint, or by answer in case it did not so appear; otherwise, the objection was waived.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.