O. H. FOLLEY & CO. v. SMITH *ET AL.*

(88 S. E. 24.)

1. CUSTOMS AND USAGES—CUSTOM AS AFFECTING CONTRACT—EVIDENCE—SALE OF LUMBER—INSPECTION.—In an action for price of lumber sold and for incidental expense, the contract containing no stipulation as to inspection and shortage, evidence was admissible to show a custom in lumber business as to inspection, report of defects, and adjustment.

2. SALES—ACTION FOR PRICE—QUESTIONS FOR JURY—DELIVERY.—In an action for purchase price of lumber to be delivered at A., testimony that the cars arrived "there" left it for the jury to say, under all the circumstances, what "there" meant, as against motion for nonsuit for failure to show delivery.

3. SALES — DELIVERY — QUESTIONS FOR JURY. — Additional evidence that the purchasers had written to defendants that: "We wired the B. Lumber Company to hold the rejections intact until your representative arrived in A. We would thank you to have your representatives to go to look at these culls promptly"—was evidence from which the jury could infer arrival of shipments in A., as against the motion for nonsuit.

4. SALES—ACTION FOR PRICE—PARTIES IN INTEREST.—The seller of lumber could maintain an action for the price without joining with him others among whom he had divided the order to supply the lumber, under a custom of the trade under which the seller was not required to pay such others unless he was able to collect.

5. TRIAL INSTRUCTIONS—CONFORMITY TO EVIDENCE.—In an action for price of lumber sold, evidence that a part of the order had been

countermanded, and that an inspector had been sent to inspect the lumber under an agreement between the parties, was evidence justifying an instruction that the jury could determine whether or not the parties to the contract "had added to or taken from the same."

6. TRIAL—INSTRUCTIONS—CONFORMITY TO EVIDENCE.—In an action for price of lumber sold, evidence tending to show that as soon as the seller was notified of defects he sent an inspector, who on arrival found that .the lumber had not only been unloaded, but had been distributed on separate poles, so there was nothing to inspect, warranted instructions that if the buyer accepted the goods with knowledge that the quantity was not as stipulated, he waived objections based upon the quantity delivered, and that acceptance by the buyer might be presumed if he placed the lumber in his yard and so mixed it with other lumber that it was not reasonably possible for the seller's representative to verify a complaint as to defects.

Before WILSON, J., Columbia, February, 1915. Affirmed.

Action by O. H. Folley & Co. against W. E. Smith and J. P. Mehan as partners. From a judgment for plaintiff, defendants appeal.

*Mr. C. S. Monteith,* for appellant, cites: *On construction of contract:* 98 S. C. 3; 79 S. C. 155.

*Mr. Robert Moorman,* for respondent.

March 4, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Appellant says, in part: "This action was brought by the plaintiff-respondent against defendant-appellant to recover· for certain lumber alleged to have been sold and delivered to the defendant and for certain expenses necessarily incident thereto. * * * The answer contained, first, a general denial, and also a special defense. There was a verdict rendered in favor of the plaintiff for the full amount claimed, and, the Court declining to set aside the verdict and grant a new trial, this appeal was taken."

1. "Exception No. 1 complains because his Honor admitted, over defendant's objection, testimony with regard to certain customs of the lumber business with respect to shortage and inspection of lumber."

The witness said:

"A customer in the mill business in reporting any remedy has to be reported 10 days after receipt of goods at destination."

There was no stipulation in the contract as to reports of defects. In *Conner & Co.* v. *Robinson,* 20 S. C. L. (2 Hill) 361, the Court says:

"The legal presumption is that any one who embarks in a particular trade is acquainted with * * * the usages of those who deal in it."

Evidence of custom was then admitted to explain the meaning of the terms used. See, also, 29 Am. & Eng. Ency. of Law, pp. 430, 431. In *Fairly* v. *Wappoo Mills,* 44 S. C. 243, 22 S. E. 108, 29 L. R. A. 215, and other cases, it is held that you cannot contradict or vary the contract, but may explain ambiguous and uncertain terms, but this testimony did not vary or contradict the contract, but provided a mode of settlement not covered by the contract nor contemplated by it. There was evidence to show that the custom provided for notice of defects within 10 days, and that after notice an inspector would be sent to adjust the differences between the parties, and that the party found to be at fault would pay the expenses. There was also evidence to show that the appellants recognized the custom in consenting to the sending of the inspector, according to the custom. This evidence was admissible.

2. The second and fourth exceptions complain of error in refusing the motions to grant a nonsuit and direct a verdict on the ground that the contract required a delivery at Allegheny, Pa., and that plaintiff failed to prove a delivery as required by the contract. This exception cannot be sustained. The case shows:

"What did he say about the arrival of the cars? A. That the cars had arrived there."

It was for the jury to say, under all the circumstances, what "there" meant. Besides this, in a letter from the defendants to the plaintiff, this is found:

"In accordance with the instructions from Mr. Folley, when he was in Columbia, we wired the Brockman Lumber Company to hold the rejections intact until your representative arrived in Allegheny. We would thank you to have your representatives to go to look at these culls promptly, as customers will probably want to charge storage, if not settled promptly."

There was evidence from which the jury could infer that the shipments arrived in Allegheny.

3. "Exception 3 complains of error in refusing to grant a nonsuit or direct a verdict upon the ground that plaintiff was not the real party in interest."

The appellant claims that the case shows that the plaintiff divided out the order to be filled by others, and that if the plaintiff does not collect, he is not, under the custom of the trade, required to pay, and, therefore, the subcontractors, and not the plaintiff, are the parties in interest. This exception cannot be sustained. See *Cousar* v. *Heath Witherspoon & Co.,* 80 S. C. 470, 61 S. E. 973. Section 162 of the Code is as follows:

"An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another."

4. Exception No. 5 complains of error in charging the jury that they could determine whether or not the parties to this contract had added to or taken from the same.

There was evidence that a part of the order had been countermanded, and that an inspector had been sent to inspect the lumber under an agreement between the plaintiff and the defendant. There was evidence that the contract had been "added to" and "taken from." This exception cannot be sustained.

5. "(6) Excepts because his Honor erred in charging the jury, at the request of the plaintiff, as follows: 'I charge you that if it is shown by the greater weight of the testimony that the buyer or his representative accepted the goods in question with the knowledge that the quantity was not as stipulated, you must find that the buyer has waived objections based upon the quantity delivered'—it being respectfully submitted that this charge was not in response to the pleadings or evidence in the case, and was prejudicial to this defendant."

"(7) Excepts because his Honor erred in charging, at the request of the plaintiff, the following: 'Acceptance by the buyer or his representative may be presumed if he placed the lumber for which payment is here sued for in his yard, and so mixed same with other lumber that it was not reasonably possible for the seller's representative to verify the complaint as to defects.' And, further, in charging at the request of the plaintiff: 'If a buyer retains and uses the goods as his own, acceptance will be implied, and the mere fact that he complained of defects in the goods will not affect this result'—both of said charges not being in response to any of the issues in the case and tending to mislead the jury to the prejudice of the defendant."

There was evidence tending to show that as soon as the plaintiff was notified of the defects in his shipments, he sent an inspector; that when the inspector arrived, he found nothing to inspect. The lumber had not only been unloaded, but had been distributed on separate poles. In other words, the only possible evidence had been destroyed. In Greenleaf on Evidence, vol. I, sec. 37, we find:

29—103

"The general rule is, '*Omnia præsumuntur contra spolia-torem*.'    His conduct is attributed to his supposed knowledge that the truth would operate against him.'"

This exception cannot be sustained.

The eighth exception is from the refusal to grant a new trial, and is covered by the other exceptions.

The judgment is affirmed.