## 11167

### GRIST ET AL. v. CALDWELL ET AL

#### (116 S. E., 448)

1. Pleading—Court May Allow Amendment During Trial, No Prejudice Resulting to Adverse Party.—Under Code Civ. Proc. 1912, § 224, an amendment to the pleadings may be allowed during trial when it does not so materially change the claim of defense as to result in prejudice to the adverse party.

2. Pleading—Trial Court Will Prevent Trial Amendment From Prejudicing Adverse Party.—Where the adverse party shows that the granting· of a trial amendment to the pleadings would prejudice him, the trial Court will either refuse the amendment or grant it on such terms as will prevent prejudice.

3. Pleading—Trial—Amendment of Complaint by Inserting After Word "Defendants" the Descriptive Phrase Used in Caption Held Within Trial Court's Discretion.—Where the caption of a complaint in an action on a promissory note styled defendants "J. H. Caldwell and John L. Boyce, trading under the firm name of Caldwell & Boyce," and in the complaint it was alleged .that "the defendants made and delivered" to the plaintiffs the note sued on, it was within the trial Court's discretion to permit a trial amendment of the complaint by inserting after the word "defendants" the descriptive phrase stated in the caption.

Before TOWNSEND, J., Anderson, March 1922. Affirmed.

Action by Thomas M. Grist and William L. Grist, as executors of the will of Andrew Jackson Grist, deceased, and Thomas M. Grist individually, against J. H. Caldwell and John L. Boyce, trading under the firm name of Caldwell & Boyce. Judgment for plaintiffs, and defendant Boyce appeals.

*Mr. Leon W. Harris,* for appellant, cites: *Prayer is no part of the complaint:* 101 S. E., 833. *Amendment permitted:* Code Proc., 1912 Sec. 224; 61 S. E., 396. *Defendant surprised:* 20 S. C., 460; 62 S. E., 404; 21 S. C., 221. *Necessary allegations:* 35 S. E., 130; 89 S. E., 1038; 65 S. E., 987; 87 S. W., 1179.

*Messrs. Bonham & Allen,* for respondents, cite: *Amendment did not involve merits and was permissible:* 51 S. E., 313; 80 S. C., 1; 80 S. C., 213; 79 S. C., 272; 101 S. C., 86. *No surprise:* 68 S. C., 508; 101 S. C., 462; 70 S. C., 550; 68 S. C., 567. *Discretionary:* 107 S. C., 89.

March 21, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The plaintiffs brought action on a promissory note against defendants, who in the title and caption of the complaint were designated and styled, "J. H. Caldwell and John L. Boyce, trading under the firm name of Caldwell & Boyce." In the body of the complaint it was alleged that "the defendants made and delivered," to the plaintiffs the note sued on. During the trial the presiding Judge, Hon. W. H. Townsend, permitted the plaintiffs to amend the foregoing allegation of the complaint by inserting after the word "defendants" the descriptive phrase, "J. H. Caldwell and John L. Boyce, trading under the firm name of Caldwell & Boyce." The defendant Boyce, who is the appellant

here, objected on the ground that he was thereby taken by surprise. From judgment for plaintiffs he appeals upon exceptions which impute error in allowing the amendment indicated.

Under Section 224 of the Code of Civ. Proc. 1912, it is well settled that an amendment may be allowed at or during the trial, when it does not so materially change the claim or defense as to result in prejudice to the adverse party:

"Where such amendments are asked for during the trial, if the opposite party would be misled or surprised thereby to his prejudice, it is incumbent upon him to make the fact appear by affidavit or otherwise, to the satisfaction of the Court; and, if that is done, the Court would either refuse the amendment, or granting it, would continue the hearing, or impose such other terms and conditions as it might deem necessary to prevent prejudice." *Koennecke v. Railway,* 101 S. C., 106; 85 S. E., 375.

We are of the opinion that there was no error in allowing the amendment in the case at bar. The question is essentially different from that involved in the case of *Bischoff v. Blease,* 20 S. C., 460, relied upon by the appellant. There the point, raised by demurrer to the complaint, was whether it was necessary to allege in the body of the complaint the existence of the copartnership. The allegation was held essential for the reason that it was only through the partnership the plaintiffs had the right to assert the cause of action attempted to be stated, and since, if there was no partnership, the plaintiffs had not capacity to sue, it was necessary to allege and prove that fact. Here the plaintiffs asserted the legal liability of the defendants upon a certain note. Under the broad allegation that the defendants made and delivered the note, it would seem immaterial to plaintiffs whether defendants acted as individuals, as partners, or otherwise. Certainly, the ex-

istence of the partnership relation between the defendants was not essential to the maintenance of the cause of action alleged. If it became material in the development of the proof of the note, it was not such a fact as would materially change the plaintiffs' claim or the defendants' defense. In denying that he made and delivered the note, the defendant Boyce denied that he had made and delivered such note as a member of a partnership or otherwise. In the view indicated, it may be doubted whether the allegation embodied in the amendment was essential, as a matter of pleading. If not essential its insertion could not have prejudiced defendants. But if essential it did not materially change the character of plaintiff's claim. In either view, it was within the power of the trial Court to allow the amendment. *Knight, Yancey & Co. v. Ætna Cotton Mills,* 80 S. C., 213; 61 S. E., 396. *Baker v. Hornick,* 51 S. C., 313; 28 S. E., 941. *Pickett v. Ry.,* 74 S. C., 236; 54 S. E., 375. *Tucker v. Cox,* 101 S. C., 473; 86 S. E., 28.

If so, exercise of that power may only be impeached for manifest abuse of discretion. The record discloses no abuse of discretion. The defendants should have been prepared to meet any issue of fact involved in the plaintiffs' proof of the cause of action alleged. Aside from that, in view of the caption of the complaint, describing the defendants as traders "under the firm name of Caldwell & Boyce," the defendants were scarcely in position to rest their contention as to surprise upon even a valid moral ground. See, generally, *Walter v. Godshall,* 32 S. C., 187; 10 S. E., 951. *Baker v. Hornick, supra.*

The judgment of the Circuit Court is affirmed.