14829

WILSON *ET AL.* v. GIBBES MACHINERY CO. *ET AL.*

(1 S. E. (2d), 490)

*Messrs. B. B. Evans* and *Harold Eubanks,* for appellants,

*Messrs. Melton & Belser,* for respondent,

March 1, 1939.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The complaint alleges that the plaintiffs are the duly appointed attorneys in fact to bring this action for the heirs of Charlotte Wilson, deceased, and for themselves as heirs-at-law of Charlotte Wilson; that prior to 1865, when the records of Richland County were burnt, Charlotte Wilson was the owner of a tract of land in Columbia, S. C., bounded by Richardson Wheat, Blossom and Assembly Streets; that her records of title were destroyed in this fire; that Charlotte Wilson died intestate and seized in fee and in possession of this tract of land. That by means unknown to these plaintiffs the defendants have claimed title to parts of this tract of land; have taken unlawful possession thereof and erected buildings thereon; plaintiffs and the heirs of Charlotte Wilson are the sole heirs-at-law and distributees of Charlotte Wilson and are entitled to the possession of said tract of land; they pray for judgment for damages in the sum of ten thousand dollars.

Each of the defendants moved to require the plaintiffs to make their complaint more definite and certain, and each of them demurred to the complaint. These motions and demurrers are based upon practically identical grounds. The plaintiffs moved for judgment on the pleadings. Judge Sease heard these motions and filed an order granting the motions of the defendants that the complaint be made more definite and certain in the following particulars: 1. By showing when the plaintiffs allege Charlotte Wilson was seized and died possessed of the said tract of land. 2. By showing (a) the date of the death of the said Charlotte Wilson; (b) the number of her heirs-at-law at the date of her death; (c) whether such heirs-at-law were of lawful age; (d) the names and ages of her heirs-at-law at the present time. 3. By particularly identifying the parts of said tract of land of which it is claimed defendants have taken possession and erected buildings thereon. By showing further, which part is claimed to be in the possession of each of the defendants. 4. By showing the date when each of the defendants took possession of the respective parts of said tract of land, which it is claimed is now in the possession of each.

The demurrers were based upon practically the same grounds, to wit: 1. That the plaintiffs suing as attorneys in fact for the heirs of Charlotte Wilson, deceased, have not the legal capacity to sue, as the law requires that suit be instituted in the name of the principal and not in the name of the attorney in fact. 2. That there is a defect of parties plaintiff in the failure to name and make parties all of the heirs of said Charlotte Wilson, deceased. 3. That several causes of action have been improperly joined herein, that is to say: One against Gibbes Machinery Company and the other against McCreery Land and Investment Company.

Plaintiff gave notice of motion for judgment on the pleadings based on the following grounds:

"(1) The laws of pleadings allow only a demurrer or answer to be interposed to the complaint; further that the de-

murrer cannot contain more than one cause as stated in Section 458 of the Code, and ask that the same be dismissed for multiplicity of causes, when the same should be taken by answer.

"(2) That the same is sham and frivolous and intended for delay and avoidance and when the complaint clearly states facts that are in possession of the defendants or should be, as the records in the office of the Clerk of Court show.

"(3) Further that the notice to make more definite and certain is vague and indefinite, as no time or day or name of the Judge is given to hear the same. The next term of Court is prescribed by Statute, Sec. 55 of the Code, and known as spring, summer and fall terms for said County."

As preliminary to the motion for judgment on the pleadings, plaintiff's attorneys gave notice of a motion to require defendants to elect whether they would rely upon their motions to make the complaint more definite and certain, or on their demurrers.

Judge Sease's order overruled plaintiffs' motion for judgment on the pleadings. The order said, *inter alia:* " * * * As it became apparent in the progress of argument that the said motions of the defendants should be granted, the said demurrers were not considered, * * * ."

The plaintiffs appeal from the order upon exceptions which charge error to the trial Judge for not holding that the complaint states a cause of action and is not subject to demurrer; that it was error not to dismiss the demurrers on the ground that they were not accompanied by the certificate required by Rule 18 of the Circuit Court, and were served at the same time as the motions to make more definite and certain were served; that it was error not to pass on the demurrers as well as the motions to make more definite and certain, and, instead, to require the plaintiff to do that which is impracticable as the heirs are so numerous; that it was error not to grant the motion for judgment on the pleadings. That it was error not to require the defendants to

elect whether they would rely on their demurrers or on the motions to make the complaint more definite and certain; that it was error to state in the decree that it was admitted in argument that the defendants were not tenants in common. That it was error not to state in the decree that the Constitution of this State and that of the United States say that private property shall not be taken without due process of law, whereas the property of the plaintiffs has been so taken.

We shall not discuss the exceptions *seriatim*, but all of them shall be considered and disposed of.

We do not think the Circuit decree may be held to declare that the heirs of Charlotte Wilson may not have a cause of action against the named defendants, but it does hold that the plaintiffs in this action have not shown any such cause of action they have in their own names, individually, and as attorneys in fact for the heirs-at-law of Charlotte Wilson, deceased. In either capacity they were bound to set out the names of the heirs-at-law of Charlotte Wilson. Section 397, Code of Civil Procedure 1932, provides that: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 399, * * * ."

Section 399 provides that: "An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. * * * "

Clearly these plaintiffs do not come within any of the classes exempted by Section 399 from the provisions of Section 397. This latter section has been so often construed by this Court it seems useless to cite authorities.

It is held in *Hodges v. Lake Summit Co.*, 155 S. C., 436, 152 S. E., 658, that unless the real party in interest institutes the suit and is before the Court, the Court is without jurisdiction.

And in *Sullivan v. Hellams*, 6 S. C., 184, it is held that a party instituting an action must be able to show that he is the real party in interest within the meaning of this section (397) or that he falls within the exceptions mentioned in Section 399.

As for instance, one appointed guardian *ad litem* to bring an action for the benefit of an infant must bring it in the name of the infant. Sec. 401, Code Civ. Proc., 1932.

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest of many persons, or when the parties are very numerous and it may be impracticable to bring them all before the Court, one or more may sue or defend for the benefit of the whole." Section 406, Civil Code 1932.

We gather from appellants' argument that they claim to be proceeding under this section. If, then, they are suing for, or on behalf of, all of the heirs of Charlotte Wilson, and if it should be admitted (but which is not done) that plaintiffs could sue in the capacity of attorneys in fact, then it was clearly incumbent on them to set out in their complaint the names and ages of such heirs-at-law. Some of them might be non-residents, some might be minors who could appear only by guardian *ad litem*. Defendants are entitled to know definitely against whom and what claims they are to defend.

We think it is patent that the Circuit Judge was correct in holding that the complaint should be made more definite and certain in the particulars set out in his order.

We think that the exceptions touching the demurrers are without merit. The decree expressly states that the demurrers were not considered by Judge Sease.

Appellants charge error in two of their exceptions for that the trial Judge did not dismiss the demurrers. In one exception they charge error for that his Honor refused to pass on the demurrers. Inasmuch as the Court found that the motions to make the complaint more definite and certain should be granted, it follows that it was not necessary to consider the demurrers. In this, we concur with him. The failure to consider the demurrers could, then, do no harm to the appellants.

Having found that the Court could not entertain the complaint in the shape in which it was then before the Court, it was a necessary sequence that he could not then grant the motion to give judgment on the pleadings.

"If a demurrer, answer, or reply be frivolous, the party prejudiced thereby, upon a previous notice of five days, may apply to a judge of the court either in or out of the court for judgment thereon and judgment may be given accordingly." Section 587 Code 1932.

The Court has not adjudged the demurrer, answer or reply to be frivolous in this case. It has ordered that the complaint be made more definite and certain, and by the same order leave is given to the defendants to demur, or otherwise plead to the amended complaint. In contemplation of such possible action, the motion for judgment on the pleadings was premature.

All exceptions are overruled, and the order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.