1903

WeSAV FINANCIAL CORPORATION, Respondent v. Billy L. and Ethel LINGEFELTS, Appellants v. FOREST HILLS HOMES, INC., Third-Party Respondent.

(429 S.E. (2d) 814)

Court of Appeals

*Hal J. Warlick,* Easley, *for appellants.*

*Walter B. Todd, Jr.*, Columbia, and *Bruce Byrholdt*, Anderson, *for respondents.*

Heard Oct. 6, 1992; Decided Nov. 30, 1992.

Reh. Den. June 7, 1993.

GARDNER, Judge:

WeSav Financial Corporation (WeSav) sued Billy L. and Ethel Lingefelts (the Lingefelts) for claim and delivery of a mobile home. The Statement of the Case notes that WeSav's parent corporation went into receivership during the pendency of this case. The Resolution Trust Corporation (RTC) is the receiver of WeSav's parent.

The Lingefelts argue that the trial court should not have granted WeSav summary judgment once it had notice that WeSav, through its parent, had been put into receivership. The Lingefelts further contend that the RTC is the proper party to enforce the rights of WeSav.

The RTC is a "mixed-ownership government corporation" created by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989. 12 U.S.C. § 1441a(b)(1) & (2) (1989 & Supp. 1992). When the RTC becomes a receiver for a failed corporation, it takes "title to the books, records, and assets" of the corporation. 12 U.S.C. § 1821(d)(2)(A)(ii) (1989). We conclude from this that the RTC owns the assets of WeSav, including the note and security interest upon which WeSav's claim against the Lingefelts is based.

In *Insurance Commission v. New South Life Ins. Co.*, our Supreme Court addressed a similar issue regarding the real party in interest when an entity ceases to exist. 270 S.C. 612, 244 S.E. (2d) 289 (1978). In *New South*, the insurance commission appointed a rehabilitator to take over New South Life. Although the issue was "not directly on appeal," the Court found that the "[insurance company] may not sue or be sued. It has no litigation identity." *Id.* at 633-34, 244 S.E. (2d) at 300. We have come to a similar conclusion in the instant case.

Rule 17(a) SCRCP, requires all actions to be prosecuted in the name of the real party in interest, otherwise, the court is without jurisdiction. *See Wilson v. Gibbes Mach. Co.*, 189 S.C. 426, 1 S.E. (2d) 490 (1939) (Rule 17) has been modified since *Wilson* to require all actions to be

"prosecuted" rather than "instituted" in the name of the real party in interest). The word "prosecution," in reference to civil litigation, is defined as including "every step in action, from its commencement to its final determination." *Black's Dictionary* 1099 (5th ed. 1979). RTC falls within the requirement of Rule 17(a) because during the pending action it became the receiver for WeSav and the owner of its assets. We hold that, under Rule 17(a) the RTC, as the real party in interest, must be joined.

We, accordingly, remand to the trial court so that the RTC may be joined and its interests may be protected.

For the reasons above, we remand this case to the trial court so that the Lingefelts may move to join or substitute the RTC.

Remanded.

LITTLEJOHN, Acting Judge, concurs.

GOOLSBY, J., dissents in separate opinion.

GOOLSBY, Judge (dissenting):

I respectfully dissent. I see no reason at all to remand the case so that Resolution Trust Corporation (RTC) can be substituted for WeSav Financial Corporation. The judgment should be affirmed.

The case relied on by the majority for its holding that the case should be remanded, *Insurance Comm'n v. New South Life Ins. Co.*, 270 S.C. 612, 244 S.E. (2d) 289 (1978), is not applicable here. *New South* involved the special circumstance of an insurance company, not a finance company, that was under a plan of rehabilitation. Moreover, New South was being sued by its *alter ego*. Also, New South, unlike WeSav, had no legal identity when suit was brought.

I think the real party in interest issue is controlled by *Thomas & Howard Co. v. Fowler*, 238 S.C. 46, 119 S.E. (2d) 97 (1961), albeit a case decided before the adoption of the South Carolina Rules of Civil Procedure. When RTC was appointed receiver for WeSav, RTC, as the majority itself recognizes, took title to all the assets of WeSav. Insofar as defending against the Lingefelts' claim is concerned, RTC immediately became the real party in interest.

The issue of whether the trial court erred in granting WeSav summary judgment after it learned that, as phrased by the majority, "WeSav, through its parent, has been put into receivership," is raised for the first time on appeal and, therefore, is not properly before us. *Fowler*, 238 S.C. at 54, 119 S.E. (2d) at 101. At best, the Lingefelts raised this issue by Exceptions I and II. It was never presented to and passed on by the trial court. *See Roberts v. Dunbar Funeral Home*, 288 S.C. 48, 339 S.E. (2d) 517 (Ct. App. 1986) (the court of appeals will not consider matters not ruled on by the trial court).

Furthermore, any error in not joining RTC as a party does not warrant reversal here since the Lingefelts have not demonstrated any prejudice. *Cousar v. Heath*, 80 S.C. 466, 61 S.E. 973 (1908); *Wright v. Willoughby*, 79 S.C. 438, 60 S.E. 971 (1908).

We should simply affirm the grant of summary judgment to WeSav because the issues relating to the Lingefelts' counterclaims are not preserved by proper exceptions. Exception III reads, "The Court erred in ruling that Appellants' counterclaim was barred by the doctrine of *res judicata.*" Exception IV reads, "The Court erred in ruling that Appellants' counterclaim was barred on the theory of satisfaction within the meaning of § 37-3-410 of the *South Carolina Code of Laws.*" Exception V reads, "The Court erred in ruling that Appellants' counterclaim for libel and slander is without merit based on nothing more that Respondent's memorandum." Exception VI reads, "The Court erred in ruling that there is no genuine issue as to any material fact." The Supreme Court has told us that we are not to treat exceptions such as these. *See Connolly v. Peoples Life Insurance Co. of South Carolina*, 299 S.C. 348, 352, 384 S.E. (2d) 738, 740 (1989) (holding that an exception omitting to state *why* a trial court erred violates Supreme Court Rule 4, § 6 and emphasizing that "[T]he Court of Appeals may not decide an issue neither presented to the circuit court nor raised by proper exception on appeal.").

I would affirm.