15834

BEARD-LANEY, INC., *ET AL*. v. DARBY *ET AL*.

(38 S. E. (2d), 1)

*Messrs. Odom & Bostick* and *E. W. Johnson,* all of Spartanburg, Counsel for Appellants,

Messrs. *Frank A. Graham, Jr.,* of Columbia, and *Robert McC. Figg, Jr.,* of Charleston, Counsel for Respondents,

April 29, 1946.

Mr. Associate Justice Oxner delivered the unanimous Opinion of the Court.

The only question for determination on this appeal is whether under the circumstances of this case a formal summons was indispensable to the jurisdiction of the Court. The lower Court held that the rule to show cause hereinafter referred to met all the requirements of a summons as prescribed by the Code of Civil Procedure and that it was not necessary to issue or serve on appellant any further process. Appellant's counsel contend that it was mandatory that the action be commenced by the service of a summons and as this was not done, the Court never acquired jurisdiction of appellant.

This action was originally brought against the members of the Public Service Commission of South Carolina for the purpose of vacating and setting aside order No. 3782 of the Commission issued on April 11, 1945. An action of this kind is permissible under the terms of Section 8211, Subdivision (e), Code of 1942, which provides that "a copy of the complaint shall be served with the summons". The instant action, however, was not commenced with the service of a summons. A verified complaint was filed upon which, on May 16, 1945, Judge Bellinger issued an order requiring the Commission to show cause before him on May 31, 1945, why the order above mentioned should not be vacated. He

also restrained the Commission, pending the final determination of the controversy, from issuing or delivering the certificate of public convenience and necessity granted by it in the order sought to be vacated. The Commission in due time answered and the matter was heard by Judge Bellinger on July 9, 1945. During the course of the arguments he reached the conclusion that Sanders Truck Transportation Company, Inc., and appellant, Associated Petroleum Carriers, who were parties to the proceedings before the Public Service Commission, should be made parties to this action and heard on the issues involved before the merits of the controversy were determined. Accordingly, on July 12, 1945, Judge Bellinger ordered that the complaint be amended by adding as parties defendant appellant and the other carrier mentioned and by inserting appropriate allegations as to said parties, and continued the hearing until the first day of the ensuing term of Court. This order further provided: "That the amended complaint, together with a copy of this order, shall be served upon the several party defendants named therein, and that the said Sanders Truck Transportation Company, Inc., and Associated Petroleum Carriers shall have twenty (20) days from the date of service of the amended complaint and of this order upon them in which to plead to serve a copy of their pleadings upon the attorneys for plaintiffs."

The complaint was thereafter amended and on August 9, 1945, Judge Mann issued an order supplementary to that of Judge Bellinger, requiring appellant, Associated Petroleum Carriers, and the Sanders Truck Transportation Company, Inc., to show cause on September 24, 1945, which was the first day of the next term of Court, why the Public Service Commission should not be directed to forthwith vacate the order heretofore mentioned and to revoke any certificate of public convenience and necessity issued thereunder. Appellant was further required to show cause on that date why it should not be restrained *pendente lite* from operating under a certain certificate of public convenience and necessity issued to it by the Commission.

A deputy sheriff of Spartanburg County attempted on August 18, 1945, to serve on appellant copies of the amended complaint and the orders of Judges Bellinger and Mann. The validity of this service was questioned by appellant. However, it is conceded that appellant was properly served on September 20, 1945. Thereafter appellant made a special appearance and objected to the jurisdiction of the Court on the ground that no summons had ever been served. The jurisdictional objection was heard on October 26, 1945, by Judge Gaston, who was then presiding in the Fifth Circuit. He held that the order issued by Judge Bellinger on July 12, 1945, served the purpose of a summons and that the Court thereby acquired jurisdiction of appellant. This appeal followed.

Section 427, Code of 1942, requires that a civil action "shall be commenced by service of a summons". Sections 428 and 429 prescribe the requisites of a summons and state that it shall be "subscribed by the plaintiff or his attorney". Hence the present action should have been commenced by the service of a summons and defendants should have been allowed twenty days in which to answer or otherwise plead to the complaint. But this was not the only means by which the Court could acquire jurisdiction of defendants. The members of the Public Service Commission, who were the only defendants at this stage of the proceeding, accepted service of the rule to show cause and complaint, raised no jurisdictional objection, and filed an answer. By making a general appearance and answering on the merits these defendants waived not only all defects and irregularities in the process, but also an entire want of process. *Cheraw Motor Sales Co. v. Rainwater,* 125 S. C., 509, 119 S. E., 237; *Wright v. Lee et al.,* 108 S. C., 357, 94 S. E., 873. It is clear, therefore, that this action had been commenced, was pending, and the Court had jurisdiction of the members of the Public Service Commission at the time Judge Bellinger brought in appellant and the other carrier as parties defendant.

Under the terms of Sections 409 and 494 of the Code of 1942, Judge Bellinger was fully empowered to bring before the Court all necessary and proper parties. Indeed, Section 409 provides that "when a complete determination of the controversy cannt be had without the presence of other parties, the Court must cause them to be brought in". Apparently Judge Bellinger concluded that the presence of appellant and the other carrier was necessary to a complete determination of this controversy and on his own motion ordered that they be brought in and added as parties defendant.

These sections of the Code do not prescribe the procedure to be followed where the Court brings in a new party. We may assume for the purpose of this discussion that the proper mode of doing so is by the service of a summons upon him. But the departure in this case from what may have been the better practice was merely formal and resulted in no prejudice whatsoever to appellant. Appellant does not question the finding of the lower Court that the rule to show cause issued by Judge Bellinger contained all the essential requirements of a summons. Appellant contends that such a rule to show cause, "regardless of its phraseology, is no substitute for, nor is it the equivalent of a summons, such as is required by the statutory law of this State". It is true, as heretofore pointed out, that this action should have been commenced by the service of a summons, but the original defendants in answering on the merits waived the requirement of a summons. The Court had jurisdiction of them and the action was properly pending when the Court concluded that appellant should be brought in as a party defendant. Every requisite of a summons was contained in the order which was served on appellant along with the amended complaint. While this order was not "subscribed by the plaintiff or his attorney", surely a notice and a command issued by the Court itself should be as efficacious as one issued by the party to an action or his attorney. The position of appellant is highly technical and under the circumstances of this case cannot be soundly sustained.

The following language of the Court in *State ex rel. Wolfe v. Sanders,* 118 S. C., 498, 110 S. E., 808, quoted with approval in the subsequent cases of *Heyward v. Long,* 178 S. C., 351, 183 S. E., 145, and *Dacus v. Johnston, Governor,* 180 S. C., 329, 185 S. E., 490, is apposite to the circumstances of the instant case: "The purpose of the summons is to acquire jurisdiction of the person of the defendant and to give him notice of the action and an oportunity to appear and defend. While Code Civ. Proc., Sec. 178 (now Section 428 of the 1942 Code), *et seq.,* prescribes the requisites of the summons, it does not provide that it shall be in any particular form. And when we consider the purpose of the summons, in the light of the proceedings had in this case, particularly the provisions contained in the order of the Chief Justice and the allegations of the petition or complaint, and the prayer thereof, it is clear that the objection of defendant is purely and highly technical, and that to sustain it would be to sacrifice substance to form, because the order and the petition together contained substantially every requisite of a summons prescribed by the Code, and defendant was neither misled nor prejudiced in the slightest by the failure to serve him with a summons in due and regular form. While, as said, the service of a summons is the manner prescribed by the Code, and the usual means of acquiring jurisdiction of the person of the defendant, and therefore it ought to be observed in practice, as ought all other rules prescribed for an orderly system of procedure, nevertheless, it is well understood by the profession, and it has frequently been held by the Courts, that it is not the only method by which jurisdiction of the defendant may be acquired."

We conclude that Judge Bellinger's order of July 12, 1945, fully serves the purpose of a summons and that no further process was necessary in order for the Court to acquire jurisdiction of appellant.

It is suggested that appellant had less than twenty days in which to answer and file its return after the rules to show cause and amended complaint were served upon it. But Judge

Gaston properly held that under the terms of Judge Bellinger's order, appellant had twenty days after the date of service in which to plead. In fact, on motion of appellant, the time for doing so was extended by Judge Gaston until October 27, 1945.

Judgment affirmed, and the appellant is allowed twenty days after the filing of the remittitur to answer or otherwise plead to the complaint.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and TAYLOR and MR. ACTING ASSOCIATE JUSTICE J. HENRY JOHNSON concur.