17760

THOMAS & HOWARD COMPANY, Respondent, v. William B. FOWLER and Jenkins Farr, Trading and Doing Business as F. & F. Super Market, Appellants

(119 S. E. (2d) 97)

*James W. Workman, Esq.,* of Union, *for Appellants.*

*Messrs. Bruce W. White,* of Union, and *Lyles & Lyles,* of Spartanburg, *for Respondent,*

March 28, 1961.

LEGGE, Justice.

This case, which has been here twice on questions of pleading, comes now on the defendants' appeal from a circuit court order ending it. Brief review of its history seems appropriate.

In May, 1951, the defendants, operators of a retail grocery, being indebted to the plaintiff in the sum of $3,547.00 for goods purchased, gave to the plaintiff their note in that

amount payable in seventy-one successive weekly installments beginning June 6, 1951, and, as security for its payment, a mortgage covering the fixtures and merchandise in their place of business, and any additions thereto or replacements thereof. Payments on the note, aggregating $1,266.54, were made between May 31, 1951, and April 21, 1952; none thereafter. In November, 1952, the defendants being in default and their place of business closed, plaintiff brought this action in claim and delivery for possession of the mortgaged chattels. The defendants answered and interposed a counterclaim, but did not give a redelivery bond. Plaintiff, having obtained possession of the chattels, sold them according to the terms of the mortgage and credited the proceeds on the mortgage debt.

In their answer the defendants admitted the execution of the note and mortgage and admitted default in the payment of the installments required thereby, but alleged by way of affirmative defense that they had been induced to execute the said note and mortgage by certain promises made by the plaintiff, through its agent, as part of a fraudulent scheme and with no intention of performing them, to wit: (1) that the plaintiff "would make them advances of merchandise in the future as the defendants so desired"; (2) that "defendants could pay for this merchandise so advanced at the end of thirty days from the date of invoice"; and (3) that "said mortgage would not be placed on the public record but that the same would be merely attached to defendants' account ledger sheets by the plaintiff." It was further alleged that in disregard of said promises the plaintiff had immediately recorded the mortgage and had refused to make any further advances to the defendants.

In the counterclaim the defendants repeated these charges of fraud and demanded damages, actual and punitive, in the amount of $100,000.00, alleging that as the result of said fraudulent acts they had been unable to obtain further credit from other wholesalers, had been wrongfully deprived of

possession of the mortgaged chattels, and had been forced to discontinue their business.

Plaintiff demurred to the answer upon the ground that the facts stated therein were insufficient to constitute a defense, and to the counterclaim upon the ground that it failed to state facts sufficient to constitute a cause of action. The Honorable Bruce Littlejohn, Judge of the Seventh Judicial Circuit, sustained these demurrers and awarded judgment for the plaintiff; the defendants appealed; and we reversed, 225 S. C. 354, 82 S. E. (2d) 454, remanding the case with leave to the parties to renew certain motions not heard by the cicuit judge, and to make such further motions with reference to the pleadings as they might be advised.

The case next came before us on the defendants' appeal from Judge Littlejohn's order granting plaintiff's motion to require them to make the counterclaim more definite and certain by naming the wholesalers who had refused to extend credit to the defendants after recordation of the chattel mortgage. We held the order not appealable, and dismissed the appeal, 226 S. C. 377, 85 S. E. (2d) 278.

The pleadings were complete in February, 1955, and the case was ready for trial on the merits. During the May, 1957, term of the Court of Common Pleas for Union County, the case having been on the trial docket for more than six terms since our decision of the appeal last mentioned, Judge Littlejohn, presiding, ordered it stricken from the docket of his own motion, under Circuit Court Rule 82, which reads:

"Whenever a case has been docketed by the clerk for six terms of court without being tried, the clerk shall not docket the case again without order of the court obtained after notice to all parties concerned. If it appears to the court that there has been no opportunity to try the case, the motion shall be granted as a matter of right and the case shall retain its place on the calendar, but if it appears that the case could have been reached, it may only as a matter of discretion be restored, and then only at the foot of the docket."

The defendants having served no notice of motion to restore as contemplated by the rule, plaintiff's counsel in June, 1958, served upon counsel for the defendants notice that upon the entire record of the cause they would move before Judge Littlejohn on July 21, 1958, or as soon thereafter as counsel could be heard, for an order adjudging the plaintiff entitled to possession of the mortgaged chattels, discharging the claim and delivery bond, and finally ending the case.

In opposition to this motion Mr. Workman, counsel for the defendants, presented his own affidavit, the substance of which was as follows:

Originally, defendants' attorneys were deponent and the Honorable J. R. Flynn, both of Union, S. C., and both of them argued the first appeal before the Supreme Court in 1954. When the opinion in the second appeal was filed, January 4, 1955, Mr. Flynn was in failing health, and deponent is informed and believes that he would have been unable to participate in a trial of the case thereafter. He died in August, 1959. The case was placed on the trial calendar after January, 1955, and prior to the September, 1955, term, and deponent is informed and believes that as only one week of court was held, it could not be reached. Deponent is further informed and believes that all terms of the common pleas were "called off" from the September, 1955, until the May, 1957, term, at which term Judge Littlejohn struck the case from the calendar. Deponent was unable to attend the May, 1957, term because of illness, and he is informed and believes that Mr. Flynn for like reason was unable to attend that term. Deponent firmly believes that there was no opportunity for the trial of the case up to the time that it was stricken from the calendar, or at any time prior to Mr. Flynn's death. If the court should deny plaintiff's motion and restore the case to the calendar it will be tried at the next term or as soon as it may be reached on the calendar.

In support of the motion the following affidavit of the Honorable Bruce W. White, of counsel for the plaintiff, was presented:

This case was placed on the trial calendar at the December, 1954, term, and was thereafter continuously carried on that calendar until the May, 1957, term, when it was stricken off. According to the minute book of the Clerk, the court of common pleas for Union County was actually convened and held for a portion if not all of the regular terms in September, 1955, May and September, 1957, May and September and December, 1958, May, September and December, 1959, and February, 1960. From the time this case was first docketed until the latter part of 1957, Mr. Flynn actively engaged in such trial work as he desired to participate in, including a hard-fought case in which deponent was on the other side and which was concluded in July, 1957. In the case at bar the defendants were represented not only by Mr. Flynn and Mr. Workman but also by the Honorable John D. Long, and any one of them was capable of handling its trial. No effort to restore the case to the trial docket was made prior to service of plaintiff's motion for its dismissal.

The motion was argued before Judge Littlejohn on March 4, 1960, and was granted by his order of May 20, 1960, which, after reciting that no notice of motion to restore had been served and that he had concluded, from the entire record, that the case should be forever ended, proceeds as follows:

"It Is Therefore Ordered that this case be and the same is hereby ended, that the plaintiff's right to possession of the property described in the complaint has been established, that all costs heretofore paid by the respective parties be assumed by such party heretofore advancing and paying such costs, and that any costs hereafter due the Clerk of Court be assumed equally by the plaintiff on the one hand and the defendants on the other hand, and the Clerk of Court for Union County shall enter up judgment accordingly.

"It Is Further Ordered that the plaintiff may discontinue any and all bonds heretofore provided."

Appellants' six exceptions charge that Judge Littlejohn erred in issuing his order of May 20, 1960, because:

(1) As shown by Mr. Workman's affidavit before mentioned, appellants had had no opportunity to try the case and were ready to proceed to trial at the next term or as soon as the case could be reached on the calendar; and

(2) Respondent should have been required to establish, in a trial, its right to possession of the mortgaged chattels.

The first of these assignments of error concerns ▮▮ factual issues suggested by the conflicting affidavits of opposing counsel. Determination of such issues was a matter for the trial judge alone. Cf. *Bass v. American Products Export & Import Corp.*, 124 S. C. 346, 117 S. E. 594, 30 A. L. R. 168; *Bargesser v. Coleman Co.*, 230 S. C. 562, 96 S. E. (2d) 825. Our review is limited to correction of errors of law. S. C. Const. 1895, Art. V, Section 4; *St. Paul Mercury Indem. Co. v. Palmetto Quarries Co.*, 234 S. C. 246, 107 S. E. (2d) 453.

Sanction for Judge Littlejohn's order at the May, 1957, term, striking the case from the trial docket, is implicit in Circuit Court Rule 82, and his power to issue that order is not challenged here. But his order of May 20, 1960, from which this appeal comes, presents a different question, apparently novel in this jurisdiction. It did not dismiss the action; its effect was (1) to strike the affirmative defense, (2) to dismiss the counterclaim, and (3) to adjudge the plaintiff's claim to possession of the mortgaged chattels. It rested upon the erroneous premise that the defendants were under duty to bring this case to trial.

The defendants, no less than the plaintiff, had had the · ▮▮ *right*, since February, 1955, when the controversies concerning the pleadings were concluded, to press for trial; but the *duty* to do so was the plaintiff's, not theirs. While a defendant may bring about an expeditious trial of a case, he has no legal obligation to do so; except to meet such actions as are taken by the plaintiff, he may remain passive. *Schultz v. Schultz*, 1945, 70 Cal. App. (2d) 293, 161 P. (2d) 36; *Bock v. Portland Gas & Coke Co.*, 1954,

202 Or. 609, 277 P. (2d) 758. 17 Am. Jur., Dismissal, etc., Section 80; 27 C. J. S., Dismissal and Nonsuit, § 65(4).

That the defense alleged was an affirmative one calls ██ for no different conclusion. If one sues on a note and payment is the only defense pleaded, is it incumbent upon the defendant to bring the case to trial? Or if in an action to recover the proceeds of a policy of life insurance the defendant company, admitting the issuance of the policy, pleads fraud in its procurement, and thereafter there is an unreasonable delay in bringing the case to trial, would the plaintiff be thereby entitled to strike the affirmative defense and obtain judgment on the pleadings for the amount of the policy? We do not think so.

Nor does the assertion of a counterclaim relieve the █ plaintiff of the duty to bring the case to trial. In *Wutchumna Water Co. v. Stevenson,* 1928, 204 Cal. 191, 267 P. 537, the court said: "This cause had been allowed to slumber for four years and ten months or over, after the defendant's answer had been filed, without any apparent effort on the part of the plaintiff to bring the matter on for hearing. The fact that the defendant had also appeared, seeking affirmative relief by way of cross-complaint and counterclaim, did not serve to relieve the plaintiff of the duty cast upon it to promptly prosecute its action * * *."

We note in the "agreed statement" the following:

"In an action commenced on December 13, 1952, by Eagle Grocery Company, a corporation, for and on behalf of itself and all other parties similarly situated, against the defendants and Thomas & Howard Company, a receiver was sought for the property and assets of the defendants, including the property mortgaged by the partnership to Thomas & Howard Company. An Order resulted, dated January 6, 1953, allowing Thomas & Howard Company to proceed with the orderly sale of the property outside of the receivership proceeding. The Order also allowed the receiver the right to apply to come into the pending claim and delivery

54

action to set up therein such defenses as were available. No appeal was taken from this Order. The receiver has never made such application."

The suggestion is that when the receiver was appointed title to the mortgaged chattels vested in him, subject to the rights of the plaintiff in the present action as mortgage, and that, so far as defending against the mortgagee's claim was concerned, the receiver became the real party in interest. This contention was not made in either of the former appeals in this case; it appears for the first time in respondent's brief in the present appeal. It was not raised or passed upon by the court below, and it is therefore not properly before this court. *Carter v. Peace,* 229 S. C. 346, 93 S. E. (2d) 113; *Simonds v. Simonds,* 229 S. C. 376, 93 S. E. (2d) 107; *Branham v. Miller Electric Co.,* S. C., 118 S. E. (2d) 167; *Madden v. Madden,* S. C., 118 S. E. (2d) 443.

The judgment appealed from is reversed, and the cause is remanded for further proceedings in accord with the views herein expressed.

TAYLOR, OXNER and Moss, JJ., concur.