19080

W. Ronald SMALL, appellant, v. Thomas W. MUNGO, d/b/a Mungo
Construction Co., Respondent.
(175 S. E. (2d) 802)

*E. E. Wolfe, Jr., Esq.,* of Pageland, *for Appellant,*

*James I. Redfearn, Esq.,* of Chesterfield, *for Respondent,*

July 14, 1970.

LEWIS, Justice:

The question to be decided is whether the lower court erred in dismissing the present action with prejudice for failure of plaintiff or his counsel to appear when the case was called for trial.

This action was instituted in the Court of Common Pleas for Chesterfield County on January 20, 1969 and was placed on the trial roster of cases to be disposed of at a term of court commencing on Monday, October 27, 1969. Counsel for both plaintiff and defendant were present in court on Monday morning, at which time the cases listed on the trial roster were called, and ten (10) cases were noted for jury trial ahead of the present case. The ten preceding cases were disposed of and this case was reached for trial at 10 A. M. on Tuesday morning, the second day of the term. Neither plaintiff nor his counsel was present at that time, but defendant's counsel was present and announced that defendant was ready for trial. Plaintiff's counsel, who was in Pageland, South Carolina, about twenty miles away, was called by the Clerk of Court, at the direction of the trial judge, and told that the court was ready to proceed with the case. In response, counsel for plaintiff requested the clerk to inform the court that it would be impossible for him to contact plaintiff and his witnesses and be ready for trial before 2 P. M. on that date. Upon being so informed, the trial judge, at 10:50 A. M., on the same day, upon defendant's motion, dismissed the action with prejudice for failure of plaintiff or his counsel to appear and prosecute the action when it was reached for trial. Subsequently, plaintiff moved, during the term of court, to vacate the order of dismissal upon the ground that his failure to appear for trial was not due to unreasonable neglect on his part or that of his counsel. The motion was denied on November 10, 1969 and this appeal by plaintiff followed. The foregoing constitutes the entire factual showing in the record.

While it is within the inherent power of the court to dismiss an action for failure to prosecute, 24 Am. Jur. (2d), Dismissal, Discontinuance, and Nonsuit, Section 59, such power is expressly conferred under the terms of § 10-1502 of the 1962 Code of Laws, which provides that the court may dismiss the complaint in a pending action "with costs in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff * * * to proceed in the cause against the defendant or defendants served."

The question of whether an action should be dismissed under the foregoing section for failure to proceed is left to the discretion of the circuit judge and his decision will not be disturbed except upon a clear showing of an abuse of such discretion.

Under Rule 86 of the Circuit Court Rules, "all cases for jury trial during a Common Pleas Court shall be set for trial on the trial roster without regard to the days of the week, and each Trial Judge at the beginning of the term, shall plan the roster and set the cases so as to utilize the time of the court for disposition of a maximum of cases."

Prior to the adoption of the foregoing rule, cases were usually placed, in advance of the term, on the trial roster for disposition on certain days during the term and cases could not be tried until the day set. With the adoption of Rule 86 the above practice was changed and the trial judge now has the authority to arrange the cases for trial at the beginning of the term so as to dispose of as many cases as reasonably possible. The arrangement of the trial roster and the time set by the trial judge for the trial of cases are binding on litigants and their counsel, and the trial judge has the authority to enforce compliance therewith.

A broad discretion must be allowed the trial judge in arranging and calling the cases for trial and only in cases of manifest injustice will this court interfere. It is of course contemplated that the above rule will be rea-

sonably applied so as to accomplish its purpose of expediting the orderly disposition of litigation on the merits.

The record before us is silent as to the action taken by the trial judge in arranging the calling of cases for trial during the term. In the absence of a contrary showing, we will assume that the case was properly called or set down for trial by the court in accordance with the rules and that plaintiff either knew or could have reasonably ascertained, in accordance with the arrangement of the trial roster at the beginning of the term, that the present case would be reached on Tuesday morning, when it was called for trial. 5 C. J. S. Appeal and Error § 1545a. If the case was not called as previously determined, the burden was upon plaintiff to show such fact. He has not done so.

Under these circumstances, the failure of plaintiff and his counsel to appear when the case was called for trial constituted a failure to proceed with the cause under § 10-1502, *supra*, and a ground for dismissal of the action, if such failure to appear was due to unreasonable neglect.

Counsel for plaintiff was apparently in his office and the plaintiff and his witnesses were at their work when the case was called for trial. The court notified counsel through the clerk of court that the case had been reached on the trial roster. The only response made by counsel at that time to such notice was to inform the court through the clerk that he could not appear before 2 P. M., several hours later. We find no abuse of discretion in the dismissal of the action under the facts. Unreasonable neglect is inferable.

While we sustain the order of the trial judge in so far as it dismisses the action, the dismissal *with prejudice* was improper. An order of dismissal for failure to proceed with the suit is in the nature of a discontinuance of the action and is not an adjudication of the merits. Ordinarily, it does not put an end to the cause of action,

but merely terminates the suit itself. An order of dismissal *with prejudice* under the present facts was not justified.

The judgment of the lower court is accordingly modified so that its effect is to dismiss the action without prejudice; and is affirmed as modified.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.