19618

Lillian N. CRAWFORD, Respondent, v. Walter E. MURPHY and One 1972 Mercury Automobile, S. C. 1972 License Plate No. SAE 139, Appellants.

(196 S. E. (2d) 503)

*Messrs. Turner, Padget, Graham & Laney,* and *Lewis M. Levy,* of *Belser, Belser, Baker & Barwick,* of Columbia, *for Appellants,*

*Hemphill P. Pride, II, Esq.,* of *Jenkins, Perry & Pride,* Columbia, *for Respondent,*

May 7, 1973.

Moss, Chief Justice:

Lillian N. Crawford, the respondent herein, instituted this action against Walter E. Murphy and one 1972 Mercury automobile to recover damages as a result of a collision between the automobile of the respondent and that of the appellant Murphy. The action was commenced by the attachment of the appellant automobile and by the service of a separate summons on September 6, 1972, marked and designated "complaint not served." The appellants gave no notice of appearance and did not answer within twenty days after the service of the summons as required by Section 10-641 of the Code.

It appears that on October 6, 1972, counsel for the respondent filed a complaint and an affidavit of default, but such complaint had not been served upon either of the appellants. A default judgment was entered in favor of the respondent against the appellants for the sum of $3,500, actual and punitive damages.

The appellants, upon learning that the Mercury automobile was to be sold at public auction in order to satisfy the default judgment, moved for an order vacating such upon the grounds that the complaint did not state a cause of action against Murphy and that the summons was vague, confusing and not in compliance with Section 10-633 of the Code and, by reason thereof, the appellants failed to file an answer. They assert that their failure to answer was due to excusable neglect and that they had a meritorious defense to the action set forth in the complaint. The motion was heard and

refused by the Honorable Legare Bates, Judge of the Richland County Court. The appeal is from the order refusing to vacate the default judgment.

The respondent sought to commence this action by the service of a summons, without a complaint, upon the appellants, the said summons being as follows:

"To the Defendants above named:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action *(a copy of which will be served upon you)* and to serve a copy of your Answer to the said Complaint on the subscribers at their office, 924 Hampton Street, Columbia, South Carolina, within twenty (20) days after service hereof; exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the plaintiff in this action will apply to the Court for the relief demanded in the Complaint." (Emphasis added.)

The commencement of an action by the service of a summons, without a complaint, is permitted under Section 10-633 of the Code which, *inter alia,* provides:

"But if a copy of the complaint be not so served the summons must state where the complaint is or will be filed . . ."

It is obvious that the summons above quoted did not comply with Section 10-633 of the Code because it failed to state "where the complaint is or will be filed" but, on the contrary, advised that a copy of the complaint in this action ". . . will be served upon you."

The decisions of this Court in *Brown v. Weathers,* 251 S. C. 67, 160 S. E. (2d) 133, and *Rochester v. Holiday Magic, Inc.,* 253 S. C. 147, 169 S. E. (2d) 387, requires a reversal of the order of the lower court refusing to vacate the default judgment. In the *Brown v. Weathers* case we affirmed the lower court in vacating the default judgment where the summons was sufficiently irregular to confuse the defendant. The summons in that case indicated both that the

complaint was served and that it was not served. It further failed to advise the defendant where the complaint would be filed. In the *Rochester v. Holiday Magic, Inc.* case we said:

"The purpose of a summons is to inform the defendant. When an action is commenced by the use of a summons only, it should be in keeping with the statute (Section 10-633) and should not contain inconsistent assertions likely to confuse or mislead lay people upon whom summons would normally be served."

■ There can be no question but that the summons did not advise the appellants "where the complaint is filed or will be filed." The appellants had the right to assume, under the notice contained in the summons as served, that they did not have to answer the complaint in the action until a copy thereof was served upon them.

■ It is our conclusion that the trial judge abused his discretion in failing to grant the motion of the appellants to set aside the default judgment and permit the filing of an answer.

In view of the conclusion we have reached, it is unnecessary to pass upon the other question raised by the appellants.

The judgment of the lower court is,

Reversed.

Lewis, Bussey, Brailsford and Littlejohn, JJ., concur.