20988

Virginia WILLIAMS, Appellant, v. Irvin CARPENTER, Respondent.

(256 S. E. (2d) 316)

*D. Michael Kelly, Luther M. Lee* and *Kenneth M. Suggs,* Columbia, *for appellant.*

*Paul B. Rodgers, III,* of *Robinson, McFadden, Moore & Pope,* Columbia, *for respondent.*

June 19, 1979.

*Per Curiam:*

This appeal is from the order of the lower court granting respondent's motion for leave to file a Notice of Appearance and Demand for Complaint. We affirm.

Appellant initiated this personal injury action on October 3, 1978 by service of a Summons (Complaint Not Served) upon the respondent. The Summons (Complaint Not Served) was duly filed in the office of Clerk of Court for Richland County on October 6, 1978. Thereafter, on October 27, 1978, a Notice of Appearance was hand delivered to the office of appellant's counsel, however, service was refused on the ground that more than twenty (20) days had elapsed since the service of the summons. Respondent moved for leave to file a Notice of Appearance and Demand for Complaint, which motion was granted by the lower court.

On appeal, appellant asserts the trial judge erred in granting respondent's motion. We disagree. The summons which served as a basis of this dispute reads as follows:

You Are Hereby Summoned and required to answer the Complant in this action (the original of which will be filed in the office of the Clerk of Court for Richland County), *and to serve a copy of your answer to the said Complaint* on the subscriber at his office, 1225 Washington Street, Columbia, South Carolina, *within twenty (20) days after the service thereof,* exclusive of the date of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint (Tr. p. 2) (Emphasis added).

As noted by the trial judge, appellant's summons combined language commonly found in a Summons (Complaint Not Served) with that found in a Summons (Complaint Served). Indeed, the emphasized portion of appellant's

summons which directed respondent "to serve a copy of . . . [his] . . . answer to said Complaint within twenty (20) days after the service thereof" implies that respondent was not required to take any action until the complaint was actually served upon him. The trial judge held appellant's Summons (Complaint Not Served) was confusing, contained inconsistent assertions, and did not adequately inform the respondent of the time period within which he must respond. We agree.

It is well settled that the purpose of a summons is to inform and that a summons should not contain inconsistent assertions which are likely to confuse or mislead a defendant. *Crawford v. Murphy,* 260 S. C. 411, 196 S. E. (2d) 503 (1973). Most recently, in *Thompson v. Wilder et al.,* S. C., 253 S. E. (2d) 108 (1979), this Court reiterated that:

. . . [the] Summons Complaint Not Served is a poor vehicle for alerting a layman as to what is involved in the underlying cause of action.

Basde on our decisions in *Crawford* and *Thompson,* we conclude the language contained in appellant's Summons (Complaint Not Served) was sufficiently confusing to warrant the findings of the trial judge.

Appellant also asserts the trial judge erred in granting respondent's motion because he made no finding as to whether respondent possessed a meritorious defense to the complaint. Respondent's motion was addressed to the sound discretion of the trial judge whose decision will not be disturbed on appeal absent a clear showing of abuse of discretion. *Livingston v. South Carolina Farm Bureau Mut. Ins. Co.,* 254 S. C. 161, 174 S. E. (2d) 163 (1970). The record before the lower court contained an affidavit from respondent's counsel indicating the existence of a meritorious defense. This certification by respondent's counsel constituted a *prima facie* showing of a meritorious defense to appellant's action. *Cf. Bledsoe v. Metts,* 258 S. C.

500, 189 S. E. (2d) 291 (1972). Accordingly, we conclude the trial judge did not abuse his discretion in granting respondent's motion and his order is affirmed.