21893

DON SHEVEY & SPIRES, INC., Appellant, v. AMERICAN MOTORS REALTY CORPORATION and American Motors Sales Corporation, Respondents.

(301 S. E. (2d) 757)

*O. Linwood Perry, Jr.*, Charlottesville, Va., *Arthur H. Mc-Queen, Jr.*, of *Cleveland, McQueen & Lehman*, Spartanburg, *for appellant.*

*R. Frank Plaxco, O. Doyle Martin* and *Jack H. Tedards*, all of *Leatherwood, Walker, Todd & Mann*, Greenville, *for respondents.*

April 5, 1983.

NESS, Justice:

This is an appeal from the trial court's dismissal of an action without prejudice for plaintiff-appellant's failure to proceed in the cause. The appellant cannot reinstitute the action because the statute of limitations has run, and therefore contends the trial court erred in dismissing the action. We disagree and affirm.

Appellant served a Summons (Complaint Not Served) on July 15, 1976. After respondents timely demanded a complaint, appellant requested and was granted an extension of time.

Appellant then delayed fifteen months in filing the Summons, despite S. C. Code Ann. § 15-9-1000 (1976) and Circuit Court Rule 26 which then required that all pleadings be filed within ten days after service. Appellant's present counsel was substituted just prior to the filing of the summons, and current counsel admitted he knew of no valid excuse for previous counsel's failure to file.

Appellant not only failed to timely file the Summons, it also failed to otherwise timely prosecute the case. Appellant took no action between August 1976 and March 1978, when a Complaint was finally served twenty months after service of the Summons. Respondent removed the case to federal court shortly after service of the Complaint, but it was later remanded for lack of diversity.

The plaintiff has the burden of prosecuting his action, and the trial court may properly dismiss an action for plaintiff's unreasonable neglect in proceeding with his cause. *Thomas & Howard Company v. Fowler, et al.*, 238 S. C. 46, 119 S. E. (2d) 97 (1961); *Small v. Mungo*, 254 S. C. 438, 175 S. E. (2d) 802 (1970). This authority is necessary if the courts are to control and efficiently manage an ever-expanding docket. Additionally, we disfavor the use of the Summons (Complaint Not Served), and have held those who use the device to high standards of compliance with procedural requirements. *Richardson Construction Company, Inc. v. Meek Engineering & Construction, Inc., et al.*, 274 S. C. 307, 262 S. E. (2d) 913 (1980); *Williams v. Carpenter*, 273 S. C. 339, 256 S. E. (2d) 316 (1979).

Appellant argues respondent waived the irregularities by not requesting an order requiring appellant to file the Summons pursuant to § 15-9-1000, and by not making repeated demands for a Complaint. We are not persuaded by this argument, as it would be anomalous to require a defendant to force or encourage a plaintiff to proceed with his suit. As we stated in *Thomas & Howard Company v. Fowler*, 238 S. C. at 52, 119 S. E. (2d) 97:

> "The defendants, no less than the plaintiff, had the *right* . . . to press for trial; but the *duty* to do so was the plaintiff's, not theirs. While a defendant *may* bring about an expeditious trial of a case, he has no legal obligation to do so; *except to meet such actions as are taken by the plaintiff, he may remain passive.* (Emphasis added.)

Appellant further asserts respondents waived the irregularities by not moving to dismiss the case prior to removing it to federal court. However, respondents might have risked waiving their right to remove had they indicated submission to the state court's jurisdiction.

As the trial judge noted, "to allow appellant to remain in court on a foundation which includes (1) the use of a Summons (Complaint Not Served), (2) the failure to file the Summons for over fifteen months, and (3) the failure to serve and file a Complaint for over twenty months, — would be to completely disregard the plaintiff's burden of proceeding with due diligence." (Tr. p. 66-67). Appellant failed to meet even the minimum standards for proper commencement and prosecution of an action. Accordingly, we affirm the trial court's dismissal of the action.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, J., concur.

GREGORY and HARWELL, JJ., dissent.

HARWELL, Justice (dissenting):

I would reverse.

Appellants initiated this action under the South Carolina Dealer's Day in Court Act by serving respondent with a Summons (Complaint Not Served). Thereafter respondent demanded a copy of the Complaint. Subsequently, Mr. Linwood Perry requested for appellants an indefinite extension of time to serve the Complaint. Mr. Perry then was serving as law clerk for James W. Morris, appellants' former attorney. Respondent granted the extension. Appellants' former attorney did not file the Complaint (Summons Not Served) with the clerk.

Meanwhile, changes occurred in appellants' representation. Appellants' counsel, Mr. Morris, was temporarily suspended from practicing law in October 1977 and subsequently was disbarred. *Matter of Morris*, 270 S. C. 308, 241 S. E. (2d) 911 (1978). By an October 1977 *ex parte* order, Mr. Perry was substituted as appellants' counsel. Mr. Perry had left Mr. Morris' office a year earlier when he became a member of the South Carolina Bar in November 1976. From November 1976-October 1977, Perry had not been involved in this case. Almost immediately after being substituted as counsel, Perry attempted to file the Summons (Complaint Not Served) with the clerk's office, fifteen months after it was served on respondent. The clerk refused to accept the Summons because it

did not comply with Circuit Court Rule 26. That rule requires an affidavit explaining the failure to file within ten days after service. Thereafter, Perry filed the Summons with an attached affidavit stating that appellants' former attorney did not file timely due to "apparent inadvertence, mistake or excusable neglect." The clerk then accepted the Summons.

Between August 1976 and March 1978 respondents' attorney did not further request a copy of the Complaint. On March 20, 1978, Perry served a Complaint and several discovery requests on respondents' attorney. Soon thereafter respondents removed the action to federal court and subsequently filed an answer.

The Complaint was brought pursuant to South Carolina Code Ann. § 56-15-10 (1976), relating to events occurring between April 1972 and September 1974 arising out of the operation of an American Motors dealership in Columbia, South Carolina. Respondents raised several defenses, including one that the four year statute of limitations barred appellants' action.

The federal district court granted appellants' motion to amend their complaint in October 1978. Thereafter, respondents timely answered. Between October 1978 and February 1979 the parties engaged in extensive discovery in Florida, Georgia and Michigan. In February 1980, the federal district court remanded the case to state court due to a lack of diversity jurisdiction. In March 1980 appellants moved to amend their complaint, and respondents moved to dismiss. Respondents based their motion on appellants' failure to file the Summons within ten days of service.

The trial court, citing S. C. Code Ann. § 15-35-20 (1976), dismissed the action without prejudice due to appellants' failure to proceed in the cause.

The trial court referred to S. C. Code Ann. § 15-9-1000 (1976) as requiring the Summons (Complaint Not Served) to be filed within ten days after service. However, the court did not refer to the remaining pertinent portion of the statute that

> . . . . the adverse party, on proof of the omission, shall be entitled without notice to an order from a judge that such summons or pleading be filed within a time to be specified in the order or be deemed abandoned.

Respondents never requested an order. Instead, they proceeded to prepare for trial. They granted an indefinite extension of time to serve the complaint, removed the case to federal court, answered the complaint, participated in several motions and participated in extensive discovery. Their motion to dismiss came almost four years after they were served with the Summons.

Generally, formal defects and irregularities in the service of process must be taken advantage of at the first opportunity before any further step in the cause is taken; otherwise the defects will be waived. 62 Am. Jur. (2d) *Process* § 162 (1972). Under § 15-9-1000, respondents had the right to, but did not, request an order requiring appellants to file the summons. The service of a summons commences civil actions in South Carolina, its purpose being to place the defendant on notice that the litigation has commenced. S. C. Code Ann. § 15-9-10 (1976). Harry Lightsey, *South Carolina Code Pleading*, P. 30 (1976). The Summons fulfilled its purpose in this case. Respondents properly were served and therefore had notice of the litigation. In fact, respondents' attorneys had discussed the matter with corporate counsel and were aware of the general nature of the case. I can see no way that respondents were prejudiced by appellants' failure to file the Summons. Nevertheless, respondents allege that from the time Mr. Shevey terminated his dealership in 1974 until the time the Summons (Complaint Not Served) was served on them in 1976, most of their top management positions had changed. Accordingly, they contend the delay in filing the Summons prejudiced them. However, according to S. C. Code Ann. § 56-15-10 (1976), appellants had until 1978 to bring their action. Therefore, respondents were notified of the action two years earlier than required by the statute of limitations. I believe that appellants' failure to file the summons with the clerk has not prejudiced respondents.

As required by *Small v. Mungo*, 254 S. C. 438, 175 S. E. (2d) 802 (1970), the trial judge dismissed the case without prejudice. Nevertheless, the dismissal has the effect of precluding the claim since the four year statutory period allowed by § 56-15-10 has expired. I believe that respondents' position is purely and highly technical and that to sustain it would be to sacrifice substance to form. *Beard-Laney, Inc. v. Darby*, 208

S. C. 313, 38 S. E. (2d) 1 (1946). I would hold respondents waived any objection they may have had to appellants' failure to timely file the summons when they waited almost four years to complain. Therefore, I would reverse the trial court and remand the case for proceedings under the original summons.

GREGORY, J., concurs.