THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
William Hamilton,       
Petitioner,
 
 
 

v.

 
 
 
State of South Carolina,        Respondent.
 
 
 

Appeal From Florence County
James Brogdon, Circuit Court Judge
B. Hicks Harwell, Jr., Post-Conviction Relief Judge

Memorandum Opinion No. 2005-MO-019
Submitted April 19, 2005  Filed May 16, 2005

REVERSED

 
 
 
Acting Deputy Chief Attorney Wanda P. Hagler, Office of Appellate Defense, of Columbia, for Petitioner.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Julie M. Thames, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Petitioner seeks a writ of certiorari from an order of the circuit court dismissing his application for post-conviction relief (PCR) for failure to prosecute based on petitioners failure to appear at the evidentiary hearing.  Petitioner argues the PCR judge erred in dismissing his application because there was no showing of unreasonable neglect demonstrated by petitioner regarding the case.
Because there is evidence to support petitioners argument that the PCR judge incorrectly dismissed this application, we grant the petition for a writ of certiorari, dispense with further briefing, and reverse the PCR judges order.
The plaintiff has the burden of prosecuting his action, and the trial court may properly dismiss an action for plaintiffs unreasonable neglect in proceeding with his cause.  Don Shevey & Spires, Inc. v. American Motors Reality Corp., 279 S.C. 58, 301 S.E.2d 757 (1983) (emphasis added).  
In the case at hand, petitioner did not act with unreasonable neglect in proceeding with his case.  On the contrary, the appendix reveals petitioner was unable to attend the PCR hearing through no fault of his own and attempted to contact his PCR counsel to let counsel know of his situation.  Prior to the evidentiary hearing, petitioner called counsels private telephone line and explained that he was experiencing car trouble.  Counsel did not receive that message until after the hearing.  Further, counsel informed the PCR judge petitioner actively participated in the prosecution of the action and was cooperative with counsel from the beginning.  Counsel met with petitioner several times while petitioner was incarcerated, and petitioner called counsel when he was released on parole to give counsel his contact information and to inquire about the date of the PCR hearing.  Compare Small v. Mungo, 254 S.C. 438, 175 S.E.2d 802 (1970) (finding no abuse in a dismissal where counsel was apparently in his office and plaintiff and witnesses were at work when case was called for trial, and counsel informed the court that he could not appear for several hours); Bond v. Corbin, 68 S.C. 294, 47 S.E. 374 (1904) (finding where first case on trial docket is set on the first day of jury cases, and, when it is called, plaintiff is absent, and in the afternoon is also absent, and again when called the next morning, a dismissal for failure to prosecute is proper).  The present case offers a factual situation that differs from the cases cited above, where this Court found a motion to dismiss for failure to prosecute was warranted.  We therefore find there is no evidence of unreasonable neglect in this case and, the PCR judge incorrectly dismissed this case for petitioners failure to prosecute.  
REVERSED.
 TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.