THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In the Court of Appeals

 
 
Joseph N. Grate, Appellant,
v.
Paint & Go Auto Works, Inc., Respondent.
 
 

Appeal from Horry County
John L. Breeden, Jr., Circuit Court Judge

Unpublished Opinion No. 
2006-UP-105
Submitted February 1, 2006  Filed February 21, 2006

AFFIRMED

 
 
 
Joseph N. Grate, of Pawleys Island, Pro Se, for Appellant.
David Swanner, of Myrtle Beach, for Respondent.
 
 
 

PER CURIAM:  Joseph Grate appeals the circuit courts dismissal of his civil action against Paint & Go Auto Works for failure to prosecute.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Issue I & II: In re Michael H., 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) (An issue may not be raised for the first time on appeal.  In
order to preserve an issue for appeal, it must be raised to and ruled upon by the trial court.); Lucas v. Rawl Family Ltd. Pship, 359 S.C. 505, 510-11, 598 S.E.2d 712, 715 (2004) (It is well settled that, but for a very few exceptional circumstances, an appellate court cannot address an issue unless it was raised to and ruled upon by the trial court.).  Issue III: State v. Tanner, 299 S.C. 459, 462, 385 S.E.2d 832, 834 (1989) (A motion for continuance is addressed to the sound discretion of the trial court and its ruling on such motion will not be reversed without a clear showing of abuse of discretion.); State v. Lytchfield, 230 S.C. 405, 409, 95 S.E.2d 857, 859 (1957) ([R]eversals of refusal of continuance are about as rare as the proverbial hens teeth.);
State v. Mansfield, 343 S.C. 66, 73, 538 S.E.2d 257, 260 (Ct. App. 2000) (The granting or denial of a motion for continuance is within the sound discretion of the trial judge.). Issue IV: 
Crestwood Golf Club, Inc. v. Potter, 328 S.C. 201, 211, 493 S.E.2d 826, 832 (1997) ([T]rial judges possess the inherent power to dismiss actions sua sponte for a partys failure to prosecute the relevant claims.);
Don Shevey & Spires, Inc. v. Am. Motors Realty Corp., 279 S.C. 58, 60, 301 S.E.2d 757, 758 (1983) (The plaintiff has the burden of prosecuting his action, and the trial court may properly dismiss an action for plaintiffs unreasonable neglect in proceeding with his cause.);
Small v. Mungo, 254 S.C. 438, 442, 175 S.E.2d 802, 804 (1970) (The question of whether an action should be dismissed under the foregoing section for failure to proceed is left to the discretion of the circuit judge and his decision will not be disturbed except upon a clear showing of an abuse of such discretion.).
AFFIRMED.
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.