THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Patricia E. King and Robbie King Jones, as representatives of  W.R. King and Ellen King,
Appellants,
v.
Margie B. King and Robbie Patricia Ione King, Individually and as co-personal representatives of the Estate of Christopher C. King, deceased and Nelson M. King, Chester Telephone Company and Branch Banking & Trust (BB&T),
Respondents.
 
 
 

Appeal From Chester County
 Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2007-UP-132
Submitted March 1, 2007  Filed March 28, 2007

AFFIRMED

 
 
 
Willie F. Bradley, Jr, of Columbia, for Appellants.
Raymon E. Lark, Jr. and Timothy F. Rogers, of Columbia, for Respondents.
 
 
 

PER CURIAM:  Patricia E. King and Robbie King Jones (Appellants), as representatives of W.R. King and Ellen King (parents), appeal the circuit courts order dismissing this action for failure to prosecute and allowing Margie B. King and Robbie Patricia Ione King (Respondents) to proceed with their counterclaims.  We affirm.[1] 
FACTS
In November 1998, Appellants filed this action for enforcement of a loan and ownership/operation of Kings Funeral Home.[2]  Respondents filed a timely answer.  In November 1999, Appellants filed an amended complaint in which they dismissed one defendant.  Respondents again filed a timely answer in which they asserted additional counterclaims.  
In April 2001, Appellants served a Request for Leave to Amend and a First Amended Complaint on Respondents.  Appellants sought to add plaintiffs and defendants and new causes of action.  However, the First Amended Complaint was neither authorized by an order of the circuit court nor by consent of the parties. 
By letter dated May 3, 2001, Judge Alford informed Appellants they may amend their complaint to add new parties.  Judge Alford instructed Appellants to prepare a proposed order in that regard and send a copy of the prepared order to opposing counsel at the same time you send it to me.  
In May 2001, Respondents deposed two of Appellants witnesses: Robbie King Jones and Moses Caldwell.  During the deposition of Robbie King Jones, a disagreement arose regarding Respondents questioning and Appellants counsels interjections.  Respondents terminated the deposition until [they] could come before [the court] and get a ruling on the objections and actions by Appellants.  After Robbie King Jones deposition ended, counsel for Appellants informed Caldwell he did not have to appear at his deposition.  Although he initially refused to go to the deposition, the sheriff persuaded Caldwell to obey the subpoena and appear at his deposition.  However, Caldwell refused to answer any of Respondents questions because Appellants counsel was not present.  Thereafter, Respondents filed a motion for contempt, a motion to compel removal of a lis pendens, motion for protective order against Appellants counsels speaking objections during depositions, a motion for stay, and a motion to compel answers to discovery requests.  
On June 1, 2001, the circuit court held a hearing to consider motions and matters of concern between the parties.  During this hearing, the circuit court acknowledged both parties have at some point failed to cooperate with the discovery process.[3]  The circuit court then informed both parties discovery must be completed forthwith in order to get the case ready for trial.  The circuit court also warned both parties that if there are any further impediments to the discovery, any other problems with it, I will consider sanctions.  The circuit court further noted the possible sanctions include dismissing the case altogether for failure to cooperate.  
Also during the hearing, the circuit court held Appellants had ten days to provide supplemental answers to Respondents interrogatories.  In addition, the circuit court instructed Appellants to provide documents and answers to Respondents discovery requests in compliance with the South Carolina Rules of Civil Procedure.  Thereafter, the circuit court stated directly to Appellants: Give [the Respondents] the information they want; quit stonewalling.  You run the risk of getting this whole lawsuit thrown out.  
As to the lis pendens on Respondents property, the circuit court held the Respondents needed to provide information proving the property was not related to the law suit and then Appellants would have to remove the lis pendens.  
The circuit court considered also Appellants motion to amend the complaint.  The court agreed the complaint should be amended to include all interested parties; however, the court also informed Appellants they shouldnt serve an amended complaint until you get permission from the court to do that . . . file it and then you can file an amended complaint and serve people.  The court then instructed Appellants to prepare [the court] another order to add the interested parties.  The court also stated that if [Appellants have] already submitted . . . an order, Ill sign it.  
After the circuit court heard and ruled on all motions, the court asked Respondents to prepare an order extending the time for discovery to one hundred and twenty days to allow the new parties time to complete discovery.  The court also told Appellants: Im going to allow you to amend to add the parties you want to add . . . and allow you to file an amended complaint.  Then, before the hearing ended, Respondents asked whether they could draft a proposed order and it wont be next week or the next week . . .; the court answered affirmatively.  
After the June 2001 hearing, neither party filed any order.  A status conference was scheduled for March 18, 2004.  The status conference was apparently cancelled when Appellants were late.  
In April 2004, Respondents filed a motion to dismiss for failure to prosecute.  After a hearing, the circuit court held dismissal was warranted based on Appellants willful violation and total disregard of [court orders] and repeated failure to litigate this matter.  The court also held Respondents counterclaims remained viable.  Appellants filed a motion to reconsider, which the circuit court denied.  This appeal followed.    
STANDARD OF REVIEW
Whether an action should be dismissed for failure to prosecute is left to the discretion of the [circuit court], and [its] decision will not be disturbed, except upon a clear showing of an abuse of discretion.  McComas v. Ross, 368 S.C. 59, 62, 626 S.E.2d 902, 904 (Ct. App. 2006).  An abuse of discretion occurs (1) when the courts ruling is based upon an error of law, such as application of the wrong legal principle; (2) when based upon factual conclusions, the ruling is without evidentiary support; (3) when the court is vested with discretion, but the ruling reveals no discretion was exercised; or (4) when the ruling does not fall within the range of permissible decisions applicable in a particular case.  Ex parte: Capital U-Drive-It, Inc., 369 S.C. 1, 5, 630 S.E.2d 464, 467 (2006).
LAW/ANALYSIS
I.  Dismissal for Failure to Prosecute 
Appellants contend the circuit court erred in dismissing their case for failure to prosecute.  We disagree.  
Rule 41(b), SCRCP, provides that a defendant may move for dismissal of an action for failure of the plaintiff to prosecute or to comply with the South Carolina Rules of Civil Procedure or any order of court.  The plaintiff has the burden of prosecuting his action, and the trial court may properly dismiss an action for plaintiffs unreasonable neglect in proceeding with his cause.  Don Shevey & Spires, Inc. v. Am. Motors Realty Corp., 279 S.C. 58, 60, 301 S.E.2d 757, 758 (1983).  Such power is deemed to be necessarily vested in trial courts [in order for them] to manage their own affairs so as to achieve orderly and expeditious disposition of cases. 
Crestwood Golf Club, Inc. v. Potter, 328 S.C. 201, 212, 493 S.E.2d 826, 832 (1997) (citation omitted).
Generally, the dismissal of actions for failure to prosecute is appropriate in cases where: (1) the dismissals are imposed to maintain the orderly disposition of cases in the face of repeated warnings or multiple opportunities to proceed with trial; and (2) only then upon a finding of unreasonable neglect.  McComas v. Ross, 368 S.C. 59, 62, 626 S.E.2d 902, 904 (Ct. App. 2006).  In addition,
there must be some showing of indifference to the rights of the defendant.  Id. at 63, 626 S.E.2d at 904.
As this court noted in McComas, the Fourth Circuit Court of Appeals requires trial courts to consider four factors before dismissing a case for failure to prosecute: 1) the plaintiffs degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.  Id. at 63, 626 S.E.2d at 904-05 (citing Hillig v. Commr of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)).
In this case, we find the circuit court did not commit an abuse of discretion in dismissing Appellants case for failure to prosecute because the dismissal came after repeated warnings, Appellants had infinite opportunities to move the case forward, Appellants unreasonably neglected to proceed with their cause of action, and Appellants demonstrated an indifference to Respondents rights.  The circuit court instructed Appellants numerous times to comply with discovery and file an amended complaint.  The circuit court also warned Appellants that further illegitimate delays in discovery could lead to dismissal.  The record fails to demonstrate that Appellants complied with all of the courts requests.[4]  In addition, the only reason this case has not moved forward is because Appellants have neglected to file an amended complaint; therefore, Appellants had unlimited opportunities to proceed to trial.  Further, from the June 2001 hearing through Respondents filing of the motion to dismiss, Appellants failed to demonstrate that they took any steps toward moving this case forward, and thereby demonstrated an extreme indifference to the rights of the Respondents.  Based on these facts, we cannot find the circuit court abused its discretion in dismissing this case.  
Appellants assert the trial court erred in relying on Georganne Apparel, Inc. v. Todd, 303 S.C. 87, 399 S.E.2d 16 (Ct. App. 1990).  We disagree.
Georganne Apparel involved a long history of delays by the plaintiffs.  In September 1986 the circuit court, at the plaintiffs request, struck the case from the trial roster pursuant to Rule 40(c)(3), SCRCP.  The case was reinstated a year later at the plaintiffs request.  On February 22, 1988, the plaintiff and the defendant accountants entered into a consent order whereby the plaintiff agreed to limit its claim against the accountants to professional negligence only.  On May 16, 1988, the circuit court, upon a motion by the defendant accountants, issued an order precluding the plaintiff from calling its designated accounting expert as a witness because the plaintiff had failed to cooperate with the defendant accountants in setting up a deposition of the expert witness.  In an order of May 20, 1988, more than two years after the original complaint, the circuit court granted the plaintiffs motion to dismiss the case without prejudice pursuant to Rule 41(a)(2), SCRCP, on the conditions that it pay costs to the defendants before refilling and that it limit the refilled action to those causes of action set forth in the current complaint as limited by the consent order.  On September 15, 1988, the plaintiff filed a new complaint which named a new defendant and added numerous causes of action, thereby violating the circuit courts order.
The circuit court on November 30, 1988, dismissed the case with prejudice.  The court found that the plaintiffs addition of a new defendant and causes of action were in blatant violation of the May 20, 1988, order.  The court also stated that it was mindful of the history of abuse this case presents.  The court noted the plaintiff had made representations to the court that were contradicted by an affidavit.  The court also found that the defendants were prejudiced by the plaintiffs actions.  The circuit court concluded:

In sum, Plaintiff's willful and blatant violation of the expressed terms and conditions contained in [the circuit courts order] of May 20, 1988, is the final chapter in the history of Plaintiffs unwillingness to follow the rules and orders of this Court, which activity brings into disrepute our legal system and the rules under which it operates. Accordingly, and mindful of the totality of circumstances, the Court is of the opinion that it should exercise its discretion under Rule 41(a)(2) and (b) to dismiss these actions with prejudice.  

Georganne Apparel, 303 S.C. at 92, 399 S.E.2d at 18-19.
This court held the trial court was clearly within its discretionary powers when it granted relief under the terms of Rule 41(a)(2) and (b) and that the relief granted was not too harsh under the totality of the circumstances.  Id. at 92, 399 S.E.2d at 19.   
The facts and procedural history in Georganne Apparel do differ from those in the present case as cases are rarely exactly alike.  However, as in Georganne Apparel, this case also involves a willful and blatant violation of the courts order.  The circuit court specifically instructed Appellants to provide an order allowing the amendment of the complaint and to comply with discovery.  Appellants failed to comply with these instructions for over two and a half years.  As this court stated in Georganne Apparel,  [t]here is a limit beyond which the court should allow a litigant to consume time of the court and to prolong unnecessarily time, effort, and costs to defending parties.  Id. at 92, 399 S.E.2d at 19.  We find no error in the circuit courts citation of Georganne Apparel.  
Appellants contend the circuit court erred in dismissing the case because any substantial delay in prosecuting the case was caused by identifying the numerous heirs to the estate involved and complicated issues not involved in ordinary litigation.  This argument was neither raised to nor ruled on by the trial court.  Therefore, it is not preserved for our review.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).  At the hearing, Appellants only argument against dismissal was their counsels contention that he believed Respondents counsel was going to prepare the order.  Respondents counsel explained that he only volunteered to draft the discovery scheduling order.  Earlier in the June 2001 hearing the circuit court had specifically instructed Appellants counsel to draft the order allowing the amendment of Appellants complaint.  As this was a matter of judging the credibility of the parties, we defer to the circuit court and find the court did not err in declining to accept Appellants excuse.  See Menne v. Keowee Key Property Owners Assn, Inc., 368 S.C. 557, 567, 629 S.E.2d 690, 696 (Ct. App. 2006) (Because the appellate court lacks the opportunity for direct observation of the witnesses, it should accord great deference to trial court findings where matters of credibility are involved.).
Appellants also argue that public policy favors sanctions be directed toward the individual responsible for violating the court order rather than the innocent parties.  Thus, the circuit court should have sanctioned their attorney rather than dismissing their case.  This issue was neither raised to nor ruled on by the circuit court.  Thus, it is not properly before this court.  See Wilder Corp., 330 S.C. at 76, 497 S.E.2d at 733 (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.). 
II.  Failure to Dismiss Respondents Counterclaims 
Appellants next assert the circuit court erred in allowing Respondents to proceed with their counterclaims.  We disagree.[5] 
On the merits, Rule 41(c), SCRCP, allows the circuit court to dismiss an action, upon a partys motion, for the other partys failure to prosecute a counterclaim, cross-claim, or third-party claim.  Crestwood Golf Club, Inc. v. Potter, 328 S.C. 201, 211, 493 S.E.2d 826, 832 (1997).  This courts review of the circuit courts dismissal or non-dismissal of a counterclaim for failure to prosecute is the same as review of dismissal or non-dismissal of plaintiffs cause of action. See Rule 41(c) (providing [t]he provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim.).    
We find the circuit court did not commit an abuse of discretion in holding Respondents counterclaims remain viable.  In this case, Respondents have admittedly failed to take an assertive role in moving the case forward.  Undeniably, Respondents impeded discovery by failing to attend depositions in March 2001.  Also, Respondents failed to file a proposed order extending the time for discovery to 120 days as ordered by the court at the June 2001 hearing.  However, Respondents differ from Appellants in two respects.  First, Respondents did not fail to comply with a direct court order.  While the court ordered Respondents to file a proposed order extending discovery, the proposed order was contingent upon Appellants amended complaint as the whole purpose behind the proposed order was to allow new parties time to complete discovery; therefore the discovery order only needed to be filed after Appellants amended complaint.  Second, the onus of pushing for trial was on the Appellants and not the Respondents.  As this court stated in Don Shevey & Spires, Inc. v. Am. Motors Realty Corp:  

The defendants, no less than the plaintiff, had the right . . . to press for trial; but the duty to do so was the plaintiffs, not theirs.  While a defendant may bring about an expeditious trial of a case, he has no legal obligation to do so; except to meet such actions as are taken by the plaintiff, he may remain passive

279 S.C. 58, 60, 301 S.E.2d 757, 759 (1983) (quoting Thomas & Howard Co. v. Fowler, 238 S.C. 46, 52, 119 S.E.2d 97, 100 (1961)).  Thus, Respondents were within their right to remain passive in the intervening years.  Id.  Therefore, we find the record supports the circuit courts holding that Respondents may proceed with their counterclaims.  
CONCLUSION
Based on the foregoing, we find the circuit court did not err in dismissing Appellants case for failure to prosecute and allowing Respondents counterclaims to remain viable.  Accordingly, the circuit court is
AFFIRMED.
HUFF and BEATTY, JJ., and CURETON, A.J., concur.  

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] In February 1998, Appellants, as individuals, originally filed this action in federal court.  The federal court dismissed the action for lack of personal jurisdiction.  
[3] The court noted Respondents failed to appear at various depositions called by Appellants in March 2001, a time when Appellants were not represented by counsel.  
[4] The Record on Appeal does not contain evidence that Appellant complied with the circuit courts order to provide the documents and information requested by Respondents.  Medlock v. One 1985 Jeep Cherokee, 322 S.C. 127, 132, 470 S.E.2d 373, 376 (1996) (the appellant has the burden of presenting a record sufficient to allow the appellate court to make a decision).  
[5] We note, despite Respondents contention, this issue is properly preserved.  Appellants preserved this issue because they argued Respondents counterclaims should be dismissed in their response to Appellants Motion to Dismiss, and the circuit court ruled upon the issue.