THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Channel Group, LLC, Appellant,
v.
Teresa A.
 Abbott, Patricia H. Brady, Phillip R. Brady, Bobby L. Coggins, Marquerite A.
 Chambers, Ramon A. Devia, Eunice Davis, Patricia P. Fuller, Kenneth J. Ferace, Carmellar L. Hall, Kimberly D. Ivester, Maril B. McConnell, Timothy
 A. McGee, Eula Teresa Powe, Calvin E. Raines, Kelly J. Sanders, Diane J.
 Smith, Timothy A. Wieczorek and Carol Worthy, Respondents.
BullHead
 Investments, LLC, Appellant,
v.
Leandro A. and
 Jenny Blum, Sonya D. Briggs, Kimberly A. Bordes, Henry T. Cheeks, Joseph J.
 Dougherty, Garry W. Ferrell, Steven S. Killian, JoAnne Moore and Howard J,
 Wood, Respondents.
 
 
 

Appeal from Greenville County
John C. Few, Circuit Court Judge

Memorandum Opinion No. 2012-MO-004
Submitted December 1, 2011  Filed March
 21, 2012

VACATED

 
 
 
Richard
 L. Jackson, of Brock & Scott, of Winston-Salem, for Appellants.
Bobby
 Coggins, of Simpsonville, Calvin E. Raines, of Greer, Carmellar L. Hall, of
 Greenville, Carol Worthy, of Greenville, Diane Smith, of Greenville, Eula
 Teresa Powe, of Taylors, Eunice Davis, of Greenville, Garry Ferrell, of
 Greenville, Henry Cheeks, of Travelers Rest, Howard J. Wood, of Piedmont,
 Joseph J. Dougherty, of Simpsonville, Kelly Sanders, of Simpsonville, Kenneth
 Ferrace, of Greenville, Kimberly A. Bordes, of Greenville, Kimberly Ivester, of
 Greenville, Leandro and Jenny Blum, of Mauldin, Maril B. McConnell, of
 Woodruff, Marquerite A. Chambers, of Greenville, Timothy Wieczorek, of
 Travelers Rest, JoAnne Moore, of Taylors, Patricia Brady, of Simpsonville,
 Patricia Fuller, of Greenville, Phillip Brady, of Simpsonville, Ramon Devia, of
 Greer, Sonya D. Biggs, of Greenville, Steven S. Killian, of Simpsonville, Teresa
 A. Abbott, of Greer, Timothy McGee, of Travelers Rest, for Respondents.
 
 
 

CHIEF
 JUSTICE TOAL: The sole issue in this
 case is whether it was an abuse of discretion for a circuit court judge to
 dismiss certain cases for want of prosecution, rather than ruling on the
 summary judgment motions submitted by the Appellant.  We vacate the dismissal
 orders and remand the cases for further proceedings.
Facts/ Procedural Background
 Channel Group, LLC,
 (Appellant), the purchaser of credit accounts in default, filed debt collection
 actions in circuit court against each of the Respondents.[1]  
 Respondents did not file answers or other pleadings in response to their
 respective complaints.  Instead of filing motions for default judgment in
 response to Respondents' failures to answer, Appellant filed and served motions
 for summary judgment in each action, together with motions to recoup attorney's
 fees, and paid the appropriate motion fees.
 The circuit court
 judge did not enter orders on any of the motions for summary judgment, but
 instead entered orders dismissing the actions for want of prosecution.[2]  The orders dismissing these actions
 operated as dismissals with prejudice.  See Rule 41(b), SCRCP
 ("Unless the court in its order for dismissal otherwise specifies, a
 dismissal under this subdivision and any dismissal not provided for in this
 rule . . . operates as an adjudication upon the merits.").  The order of
 dismissal in Ms. Abbott's case did not address the Motion for Summary Judgment
 filed by Appellant, but instead stated: "This simple collection case has
 been pending since December 19, 2008.  No answer was ever filed, and yet the Plaintiff
 has not moved for default judgment.  There is no legitimate excuse for
 Plaintiff to fail to file a request for default judgment in this time
 frame."  These civil actions have
 been consolidated for appellate review.
Issue Presented
Whether
 it was an abuse of discretion for a circuit court judge to dismiss cases for
 want of prosecution, rather than ruling on Appellant's motions for summary
 judgment. 
Standard of Review
 Whether an action
 should be dismissed for failure to prosecute is left to the discretion of the
 trial court judge, and his decision will not be disturbed except upon a clear
 showing of an abuse of discretion.  Small
 v. Mungo, 254 S.C. 438, 442, 175 S.E.2d 802, 804 (1970).  
Analysis
 It is within a trial
 judge's inherent power to dismiss actions sua sponte for a party's failure to
 prosecute the relevant claims.  Crestwood Golf Club, Inc. v. Potter, 328
 S.C. 201, 211, 493 S.E.2d 826, 832 (1997).  Although a trial judge enjoys
 broad discretion in her decision to dismiss a case, "[i]t is of course
 contemplated that the . . . rule will be reasonably applied so as to accomplish
 its purpose of expediting the orderly disposition of litigation on the
 merits."  Mungo, 254 S.C. at 44243, 175 S.E.2d at 804.  This Court
 views the dismissal of a case with prejudice as an especially harsh sanction.  See
 id. at 44344, 175 S.E.2d at 804 (finding the court's dismissal of an
 action with prejudice was unjustified and modifying the order to a dismissal
 without prejudice); see also McComas v. Ross, 368 S.C. 59, 61, 626
 S.E.2d 902, 904 (Ct. App. 2006) (trial judge alters dismissal with prejudice to
 dismissal without prejudice to lessen the sanction). 
 In McCargo v.
 Hedrick, 545 F.2d 393 (4th Cir. 1976), the United States Court of Appeals
 for the Fourth Circuit outlined four factors that should be considered when
 determining whether a dismissal was proper under Rule 41(b) of the Federal
 Rules of Civil Procedure.[3]  Id. at 396.  First, dismissal is only proper when there has been a
 "'clear record of delay or contumacious conduct by the plaintiff.'"  Id. (quoting Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974)).  Second,
 the court should consider the amount of prejudice caused the defendant by the
 delay.  McCargo, 545 F.2d at 396.  Third, the reviewing court should
 look at whether "the record indicated a 'drawn out history' of
 'deliberately proceeding in a dilatory fashion.'"  Id. (quoting Reizakis,
 490 F.2d at 1135) (emphasis added).  Lastly, the court should look at whether
 the trial court considered sanctions less drastic than dismissal.  McCargo,
 545 F.2d at 396.  In concluding that "the balance tips in favor of a trial
 on the merits rather than dismissal for want of prosecution," the McCargo court relied heavily on communications contained in the record.  See id.
 Considering the
 four factors outlined in McCargo, we find the dismissal of these cases
 for want of prosecution amounts to an abuse of discretion.  First, there is no
 clear record that the Appellant has engaged in contumacious conduct or delay
 tactics.  The only account this Court has of the proceedings is the Summons and
 Complaint, the Motion for Summary Judgment, and the Order of Dismissal filed in
 Ms. Abbott's action.  These documents give the Court no indication that
 Appellant was engaging in delay tactics or stubborn behavior.  Second, the
 Appellant's delay in filing even the motions for summary judgment did not
 prejudice Respondents, as the sum total of the money sought did not increase
 from the time of filing the complaints to the time of the dismissals.  Third,
 the Record does not illuminate a drawn out history of Appellant deliberately
 proceeding in a dilatory fashion.  Lastly, we find the sanction of dismissing
 all thirty cases with prejudice was unduly harsh when the Record supports that,
 rather than sitting on its laurels, Appellant filed motions for summary
 judgment to move these cases forward. 
Conclusion
 Based on the
 foregoing, we find the dismissal of these cases with prejudice was an unduly
 harsh sanction, constituting an abuse of discretion.  Therefore, we vacate
 these orders and remand these cases for appropriate proceedings.
PLEICONES, BEATTY,
 KITTREDGE and HEARN, JJ., concur.

[1] This case is a consolidation of thirty separate debt collection actions. No
 Respondent has filed a brief in this case.
[2] The Record only includes the Complaint, Motion for Summary Judgment, Order, and
 other documents associated with the debt collection action against the first
 named respondent in this consolidated case, Teresa A. Abbott.  These documents
 are primarily pre-printed forms with the applicable information filled in, and
 we take notice that the court documents in the remaining 29 debt collection
 actions are materially similar.
[3] Rule 41(b) of the South Carolina Rules of Civil Procedure is substantially
 similar to the federal rule.